## Town of Berlin *v.* Commissioner of Revenue Services
### (13290)

Healey, Shea, Glass, Covello and Hull, Js.

Argued March 10—decision released May 3, 1988

HULL, J. The narrow issue in this case is whether the plaintiff, when it furnished policemen for off-duty assignments, provided a taxable service under General Statutes § 12-407 (2) (i) (E)[1] and § 12-426-27 (b) (5) of the Regulations of Connecticut State Agencies.[2] As a

---

[1] General Statutes § 12-407 provides in pertinent part: "(2) 'sale' and 'selling' mean and include . . . (i) the rendering of certain services for a consideration, exclusive of such services rendered by an employee for his employer, as follows . . . (D) private investigation, protection, patrol work, watchman and armored car services . . . . "

The parties, in their briefs, and the trial court, in its memorandum of decision, designate the applicable statute § 12-407 (2) (i) (E). Public Acts 1986, No. 86-397, § 7, relettered this subdivision § 12-407 (2) (i) (D) but did not change its substance. For the sake of consistency, we refer to the statute as § 12-407 (2) (i) (E).

[2] Section 12-426-27 of the Regulations of Connecticut State Agencies provides in pertinent part: "ENUMERATED SERVICES

"(a) The rendering of the following enumerated services for a consideration, defined in subsection (b) of this regulation, in this state on or after July 1, 1975, shall be a sale and subject to the sales tax. . . .

"(b) Enumerated services. . . .

"(5) Private investigation, protection, patrol, watchman and armored car services.

"Such services mean and include providing personnel or canines to patrol or guard property; engaging in detective or investigative duties; safeguarding or maintaining a surveillance of an individual; maintaining and monitoring mechanical protective devices, such as burglar and fire alarm systems; providing armored cars for the transportation of valuables; wrapping coins;

result of an audit of the plaintiff for the period from January 1, 1980, through December 31, 1982, the defendant assessed the plaintiff $5594.67 plus interest of $3291.39 and a penalty of $559.48. The plaintiff appealed from the defendant's assessment to the Superior Court, which found the rendering of such services was subject to the sales tax, and dismissed the appeal. We find no error.

The trial court found the following facts. The Berlin police department maintained a card system of all police officers, to provide names of officers for off-duty assignments. When a request was made for such services, names were taken in rotation from these cards. When a police officer was on off-duty assignment, he was in uniform. When the assignment was completed, the department prepared and mailed an invoice to the recipient of the services, which was paid directly to the police officer involved. The department followed up on any unpaid invoices.

The court concluded that the relationship between the contracting party and the off-duty officer was that of employer-employee. In support of this conclusion the court made additional factual findings as follows: (1) the contractor designated the working conditions for the officer and paid the officer directly by check; (2) the paychecks were payable to the officer and usually mailed to the person involved in care of the police department; (3) the contracting party made all the necessary deductions for income tax and social security; (4) the plaintiff was paid nothing by the contracting parties nor did it receive any other consideration from them; (5) the assignment procedure for this work

setting up a payroll; and the rendering of police services by an off-duty policeman."

This regulation became effective April 7, 1980, amending its predecessor. The differences between the regulation as it existed before April 7, 1980, and as it appears here are not material to our disposition of this case.

was provided for in the collective bargaining agreement between the plaintiff and the police union; (6) the plaintiff, in prior periods, had collected a sales tax on the services; and (7) no such tax was collected during the period in question.

The court further concluded that: (1) the police services came within the purview of General Statutes § 12-407 and § 12-426-27 (b) (5) of the Regulations of Connecticut State Agencies; (2) the plaintiff town was providing the services; (3) specific terms in article VI of the collective bargaining agreement between the plaintiff and the police union governed the procedures and hourly rates for such work; (4) local citizens desiring the services of off-duty officers had to go through the police department to make the necessary arrangements; and (5) the invoice sent to the user of services described the services as "rendered by the Berlin Police Dept."

On appeal, the plaintiff claims that the court erred in: (1) determining that the plaintiff rendered a service subject to the sales tax; (2) determining that the plaintiff rendered services "for consideration"; and (3) ruling that the services rendered were covered by General Statutes § 12-407 (2) (i) (E). " '[T]he burden of proving any claimed exceptions to a tax is on the taxpayers. *Modugno* v. *Tax Commissioner,* 174 Conn. 419, 421 [389 A.2d 745 (1978)], as is the burden of proving that an assessment is erroneous. *H. B. Sanson, Inc.* v. *Tax Commissioner,* 187 Conn. 581, 586 [447 A.2d 12 (1982)] . . . . ' " *Magic II, Inc.* v. *Dubno,* 206 Conn. 253, 256, 537 A.2d 998 (1988).

"On appeal, it is the function of this court to determine whether the decision of the trial court is clearly erroneous. See Practice Book, 1978, § 3060D [now § 4061]. This involves a two part function: where the legal conclusions of the court are challenged, we must

determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision; where the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous. That is the standard and scope of this court's judicial review of decisions of the trial court. Beyond that, we will not go." *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980).

We need not tarry on the plaintiff's first claim. The plaintiff argues that it was not rendering a service but merely complying with the collective bargaining agreement with the police union. The defendant counters that the plaintiff performed functions in the assignment of off-duty work beyond that required in the union agreement. We consider these arguments to be immaterial. Whether the plaintiff's part in the off-duty arrangements was wholly or partly mandated by the collective bargaining contract, the plaintiff's actions in that regard are determinative of its sales tax liability. The trial court's conclusion that the plaintiff was rendering services to the users of its police officers finds ample support in the facts articulated in its memorandum of decision. The court relied not only on the provisions of the collective bargaining agreement concerning provision of the services, such as hours, rates of pay, assignments and supervision and control of invoicing and payment, but noted that those desiring the services of off-duty police officers had to seek those services from the police department and not from the police officers directly. Further, the invoices for the services expressly stated that the services provided were rendered by the Berlin police department. We conclude that the trial court's resolution of this issue was not clearly erroneous.

Concerning the plaintiff's second claim of error, the trial court had considered the question of consideration "in view of the fact that the town received no direct monetary benefit since the entire payment went to the off-duty officer." The court cited General Statutes § 12-407 (10) which provides that " '[b]usiness' includes any activity engaged in by any person or caused to be engaged in by him with the object of gain, benefit or advantage, either direct or indirect"; and subsection (11) of that statute which provides, in pertinent part, that a " '[s]eller' includes every person . . . rendering any services described in any of the subdivisions of subsection (2) of this section . . . . " Finally, the court found adequate consideration, concluding that there was "a benefit to the town, either direct or indirect, in making available extra duty police work for added compensation to its union employees."[3] The court discounted the plaintiff's claim that, since 1978, it no longer considered its officers employees for purposes of such assignments. The court found that whatever the relationship between the plaintiff and its police officers, it was rendering services to the user subject to the sales tax when it furnished off-duty police officers to users requesting such services. We concur with the trial court that the plaintiff benefited either directly or indirectly from the off-duty arrangement. The provision for such off-duty work in the union contract is obviously an important incentive to the plaintiff's police officers, both to enter police work and to approve the collective bargaining agreement. The plaintiff benefited to the extent that such a contract provision contributed to labor peace with its police officers. It is reasonable to conclude further that the plaintiff also benefited from

---

[3] The court's conclusion that adequate consideration existed makes it clear that the earlier conclusion of the court, cited above, that the town did not "receive any other consideration" from the contracting parties, was either an inadvertent misstatement or was meant to refer to consideration of a monetary nature.

the added police presence in the town. The court did not err in finding that the plaintiff received adequate consideration for rendering police services.

The plaintiff's third claim of error is that the court erred in finding that the services rendered were covered by General Statutes § 12-407 (2) (i) (E). The plaintiff contends that the services rendered were not "exclusive of such services rendered by an employee for his employer" under the provisions of that statute. This argument avails the plaintiff nothing, for it flies directly in the face of the trial court's finding that for sales tax purposes the employer-employee relationship in this case was that between the user of off-duty police services and the police officer involved. The plaintiff further argues that the court did not find that the off-duty work involved was included within the statutory categories of "private investigation, protection, patrol work, watchman, or armored car service." The plaintiff filed no motion to the trial court to articulate further its memorandum of decision. " 'Where the factual basis of the court's decision is unclear, "proper utilization of the motion for articulation serves to dispel any such ambiguity by clarifying the factual and legal basis upon which the trial court rendered its decision, thereby sharpening the issues on appeal. 'It remains the appellant's responsibility to secure an adequate appellate record, and under normal circumstances we will not remand a case to correct a deficiency the appellant should have remedied.' " *Barnes* v. *Barnes,* 190 Conn. 491, 494, 460 A.2d 1302 (1983). . . . ' " *Stroiney* v. *Crescent Lake Tax District,* 205 Conn. 290, 295–96, 533 A.2d 208 (1987).

The "rendering of police services by an off-duty policeman" is, as noted, specifically made subject to the sales tax by § 12-426-27 (a) and (b) (5) of the Regulations of Connecticut State Agencies. The plaintiff claims, for the first time in its brief on appeal, that this

regulation is invalid as going beyond the legislature's intent. It claimed at oral argument that we should consider this claim of error under the "plain error" proviso of Practice Book § 4185. This claimed error falls far short of the "truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." *State* v. *Hinckley,* 198 Conn. 77, 87–88, 502 A.2d 388 (1985).

There is no error.

In this opinion the other justices concurred.