STATE OF CONNECTICUT *v.* DANIEL RIOS
(10573)

STATE OF CONNECTICUT *v.* GILBERTO RIOS
(10574)

O'CONNELL, HEIMAN and CRETELLA, Js.

Argued September 22, 1992—decision released March 30, 1993

*Brian M. O'Connell,* for the appellants (defendants).

*Carolyn K. Longstreth,* assistant state's attorney, with whom, on the brief, were *John M. Bailey,* state's attorney, and *Thomas Prior,* assistant state's attorney, for the appellee (state).

CRETELLA, J. The defendants, Daniel and Gilberto Rios, who are brothers, appeal from convictions arising out of the possession and sale of narcotics in contravention of General Statutes §§ 21a-278 (b), 21a-279 (a), 53a-48 and 53a-167. The defendants filed motions to suppress that were denied after a hearing by the trial court, *Freed, J.* Subsequently, the defendants entered pleas of nolo contendere, reserving the right pursuant to General Statutes § 54-94a to appeal from the denial of their motions to suppress. On a finding of guilty, the trial court, *Damiani, J.,* sentenced each defendant.

The defendants appeal from the trial court's denial of their motions to suppress claiming (1) that the warrantless search of the defendants' residence was con-

ducted in the absence of exigent circumstances, and (2) that the search and seizure was of a pretextual nature in violation of both the state and federal constitutions. Conn. Const., art. I, § 7; U.S. Const., amend. IV.

After a hearing, the trial court apparently denied the motions to suppress, but did not comply with Practice Book § 4059 in that the court did not issue a written memorandum or transcribe and sign its oral decision.[1] While we do not condone the court's failure to comply with § 4059, and would decline in most instances to search the transcript to ascertain the factual basis in support of the trial court's ruling, we would not exalt form over substance if the deficiency were of a technical nature. In this particular case, however, it is not simply the failure of the trial court to sign the transcript that causes the dilemma.

In *State* v. *MacNeil*, 28 Conn. App. 508, 515, 613 A.2d 296, cert. denied, 224 Conn. 901, 615 A.2d 1044 (1992), this court noted that we "may resort to the evidence produced in support of the court's ruling on a suppression motion when, as here, the court does not make detailed factual findings to support its decision." We are quick to note, however, that in *MacNeil* the court had issued a memorandum of decision in ruling on the suppression motion and on appeal the court simply resorted to evidence as set forth in the transcript to ascertain the factual findings to support the decision. In the present case, as noted, there was no written memorandum of decision.

---

[1] Practice Book § 4059 provides in pertinent part: "[I]n criminal cases, in ruling upon . . . motions to suppress under Sec. 820, the court shall, either orally or in writing, state its decision on the issues in the case and, if there are factual issues, the factual basis of its decision. . . . If oral, the decision shall be recorded by a court reporter and, if there is an appeal, the trial judge shall order the decision transcribed and the transcript of the decision shall be signed by the trial judge and filed in the trial court within ten days of the filing of the appeal. . . ."

Although the court concluded that the police did not unlawfully conduct a warrantless search but rather that the search was incident to the arrest and, therefore, did not require the obtaining of a search warrant, the only finding set forth in the transcript by the trial court was: "I will make a finding that this was not a pretextual advance by the police." The transcript reveals no specific findings by the trial court that would support that conclusion.

The transcript further reveals that, notwithstanding the fact that both sides proceeded on the assumption that the trial court had denied the motion to suppress, the record is devoid of any such ruling by the trial court.

Despite the abundance of testimony adduced at the suppression hearing, we cannot review the merits of the defendants' claim because we have no specific findings of fact to determine the basis of the court's ruling. Although § 4059 requires that the trial court submit, within ten days of an appeal, a signed transcript of the factual issues and the factual basis of its decision, we recognize that in most instances, notwithstanding the provisions of Practice Book § 4012 that provide for notice of appeal, the trial court is usually not aware of the appeal until well after the ten day period has passed. It is incumbent upon the appellant to take the necessary steps to sustain its burden of providing an adequate record for appellate review. Practice Book § 4061; *Walton* v. *New Hartford,* 223 Conn. 155, 165–66, 612 A.2d 1153 (1992). Indeed, several rules of practice aim to facilitate the process by which an appealing party ensures the adequacy of the record. See Practice Book § 4051 (Rectification of Appeal, Articulation), § 4053 (Motion for Review—In General), § 4054 (Motion for Review—Review of Motion for Rectification of Appeal or Articulation). These rules foster the basic policy that an appellate tribunal cannot render a decision without first fully understanding the

disposition being appealed. *State* v. *Hoeplinger,* 27 Conn. App. 643, 647, 609 A.2d 1015, cert. denied, 223 Conn. 912, 612 A.2d 59 (1992). It is not the function of this court to find facts. *State* v. *Reagan,* 209 Conn. 1, 8, 546 A.2d 839 (1988).

The judgments are affirmed.

In this opinion HEIMAN, J., concurred.

O'CONNELL, J., concurring. I concur with the result reached by the majority but write separately to express my opinion on the importance of compliance with Practice Book § 4059.[1]

The significance of § 4059 can best be appreciated if considered in historical perspective. Shortly after the dawn of Connecticut appellate jurisprudence, a complicated system of establishing facts for appellate review began to evolve. The system ultimately grew to include requests to the trial court for a finding of facts, the appellant's draft findings, the appellee's counter draft findings, the court's findings, motions to correct the findings, objections to the findings, and assignments of error based on the refusal of the court to make requested findings. See Practice Book (1963) §§ 3020 through 3060; W. Maltbie, Connecticut Appellate Procedure §§ 126–180. Although the factual findings of the

---

[1] Practice Book § 4059 provides: "Except in small claims actions and as provided in Sec. 4060, when rendering judgments in trials to the court and in criminal cases, in ruling upon motions to dismiss under Sec. 814 and motions to suppress under Sec. 820, the court shall, either orally or in writing, state its decision on the issues in the case and, if there are factual issues, the factual basis of its decision. The court shall include in its decision its conclusion as to each claim of law raised by the parties. If oral, the decision shall be recorded by a court reporter and, if there is an appeal, the trial judge shall order the decision transcribed and the transcript of the decision shall be signed by the trial judge and filed in the trial court within ten days of the filing of the appeal. If written, the decision shall be stated in a memorandum of decision, which shall be filed with the clerk."

court had obvious significance in the context of a trial to the court, the scope of the system, less obviously and less logically, also embraced jury trials.[2]

Claims regarding the contents of the findings generated their own assignments of error and consumed inordinate amounts of judicial resources. This aspect of the findings system was the focus of a 1930 Connecticut Bar Journal article summarizing the results of an investigation of the system conducted at the request of the committee on appeals of the judicial council. The author wrote: "The problem of what should be set forth in the finding affords a fruitful source of controversy between the parties and the trial judge. This controversy may, under the rules for correcting the finding, be carried from the trial court into the court of review and all the time spent upon this controversy is so much time withdrawn from a consideration of the merits of the case. The amount of time so withdrawn from a consideration of the merits becomes a most important factor when considered in the light of the practice under which the appellant or appellee argues the correction of the finding as well as the merits of his appeal in his hearing before the Supreme Court. . . . The controversy occurs in the great majority of cases in which appeals are taken by means of a finding." M. Tyler, "The Finding of Facts in Connecticut," 4 Conn. B.J. 265, 274–75 (1930).

This quagmire gave birth to Practice Book § 3060B, the predecessor of current § 4059. Bench and bar alike applauded the abolition of the antiquated, complicated

---

[2] In jury cases, "the finding does not purport to be a finding of facts by the court from the evidence. It does not establish any of these facts. . . . It is simply a statement of the facts which the parties claimed had been proved, with their claims thereon, and the rulings and charge of the court, made with sufficient fullness to present the questions sought to be raised by the appeal." *Elliott* v. *New York, N.H. & H. R. Co.,* 83 Conn. 320, 327, 76 A. 298 (1910).

and confusing draft finding system. Effective July 1, 1979, forty Practice Book sections were repealed and replaced by what is now § 4059. As presently written, with a few exceptions not applicable to the present case,[3] the trial court must prepare an oral or written memorandum of decision in virtually every civil or criminal trial to the court as well as in rulings on motions to dismiss criminal cases under § 814 and motions to suppress evidence under § 820.

The trial court is given the option of filing a written memorandum of decision or orally reciting its decision into the record. If the decision is rendered orally, the court must order that the decision be transcribed and must sign the transcript and file it with the trial court within ten days of the filing of an appeal. Whether oral or written, the contents of the decision are identical. The rule requires that the court state its decision on the issues of the case and if there are factual issues, the factual basis of its decision. See C. Tait, Connecticut Appellate Practice and Procedure (1989) § 4.4.

In the event the trial court fails to perform its mandated duty, the appellant should make a motion to this

[3] Practice Book § 4059 does not apply to small claims actions and to matters set forth in § 4060. Section 4060 provides: "(a) At the time the court renders a decision in any uncontested matter where no aspect of the matter is in dispute, in any pendente lite family relations matter whether contested or uncontested, or in any dismissal under Sec. 251, the oral or written decision as provided in Sec. 4059 is not required.

"(b) Within fourteen days from the filing of an appeal from a dismissal under Sec. 251 or a contested pendente lite order in which an oral or written decision has not been made pursuant to paragraph (a), each party to the appeal shall file a brief with the court discussing the legal and factual issues in the matter. The court shall file a written memorandum of decision stating its decision on the issues in the matter and the factual basis of its decision within fourteen days after briefs have been filed by the parties. The court shall include in its decision its conclusion as to each claim of law raised by the parties."

court under either Practice Book § 4183 (1),[4] seeking an order to compel the trial court to file a memorandum, or under Practice Book § 4051,[5] seeking an articulation. Absent a presentation of the factual basis of the court's decision, the appellant has failed to provide an adequate record for review. Practice Book § 4061; *Walton* v. *New Hartford,* 223 Conn. 155, 164–65, 612 A.2d 1153 (1992). In that situation, we have held that the appellant's claim will not be reviewed. "[W]e cannot undertake to exercise even the limited review normally given this type of a claim because the trial court did not file a memorandum of decision . . . and the defendant did not request an articulation from the trial court. . . . Without a written memorandum of deci-

---

[4] Practice Book § 4183 provides in relevant part: "The court may, on its own motion, modify or vacate any order made by the trial court, or a judge thereof, in relation to the prosecution of the appeal. It may also, for example, on its own motion or upon motion of any party, (1) order a judge to take any action necessary to complete the trial court record for the proper presentation of the appeal . . . ."

[5] Practice Book § 4051 provides: "An original and three copies of a motion for rectification or articulation shall be filed with the appellate clerk and forwarded by such clerk to the trial judge. The trial judge shall file the ruling on the motion with the appellate clerk.

"Any motion seeking corrections in the transcript or the trial court record which depend on proof of matters not of record or seeking an articulation or further articulation of the decision of the trial court shall be determined by the judge of the trial court whence the appeal is taken or the reservation is made. The trial court may make such corrections or additions as are necessary for the proper presentation of the preliminary statement of issues or for the proper presentation of questions reserved; or the trial court may approve a stipulation of counsel that such a correction or addition be made, provided the motion or stipulation is presented before the appeal is ready to be assigned for hearing and only by leave of the supreme court or the appellate court thereafter. The action of the trial judge as regards such a correction or addition may be reviewed by the court in which the appeal is pending under Sec. 4054. Nothing herein is intended to affect the existing practice with respect to opening and correcting judgments and the records on which they are based.

"Corrections made before the record is prepared shall be included in it. If the record has been prepared, the appellate clerk may prepare a supplemental record, to be distributed in the same way as the original record."

sion or an oral recitation on the record of the court's findings, we cannot determine if the court's conclusions were reasonable. It is the duty of the appellant to present us with an adequate appellate record. . . . We therefore have no basis on which to find error in the ruling of the trial court." (Citations omitted.) *Zak* v. *Weisman,* 18 Conn. App. 16, 20, 556 A.2d 181 (1989); see *Manchester* v. *Zoning Board of Appeals,* 18 Conn. App. 69, 70 n.1, 556 A.2d 1026, cert. denied, 212 Conn. 804, 561 A.2d 946 (1989).

A remand, resulting from an appropriate motion filed during the early stages of an appeal, is a proper alternative and certainly a less drastic step to correct the absence of a written memorandum or signed transcript of an oral decision. A remand, however, is untimely and impractical at the point that the appellant's preliminary statement of issues has been filed, transcripts have been ordered, briefs of both parties have been filed, and oral argument has taken place in the Appellate Court. A remand for compliance at this juncture potentially has the deleterious effect of returning the appeal to square one because new issues may arise from the heretofore undisclosed basis of the trial court's decision.

I concur with the majority that the judgment of the trial court must be affirmed.