## PETER PLATI *v.* UNITED PARCEL SERVICE (11678)

DUPONT, C. J., O'CONNELL and SCHALLER, Js.

Argued November 4, 1993—decision released January 25, 1994

*Judy D. Rintoul,* for the appellant (plaintiff).

*Kevin D. O'Leary,* with whom, on the brief, were *William H. Narwold* and *Kathleen M. Endrelunas,* for the appellee (defendant).

SCHALLER, J. The plaintiff, Peter Plati, appeals from the decision of the workers' compensation commissioner dismissing his complaint, brought pursuant to General Statutes § 31-290a (a),[1] in which he alleged that

---

[1] General Statutes § 31-290a (a) provides: "No employer who is subject to the provisions of this chapter shall discharge, or cause to be discharged, or in any manner discriminate against any employee because the employee has filed a claim for workers' compensation benefits or otherwise exercised the rights afforded to him pursuant to the provisions of this chapter."

the defendant, United Parcel Service, had illegally discharged him. The plaintiff filed his complaint with the workers' compensation commission pursuant to General Statutes § 31-290a (b) (2),[2] which provides a right of appeal to this court from the decision of the commissioner. The issue on appeal is whether the commissioner improperly determined, pursuant to § 31-290a, that the plaintiff failed to prove a prima facie case of discriminatory discharge. Because we conclude that the plaintiff has failed to present an adequate record for review of this claim, we affirm the decision of the commissioner.

The following facts are relevant to this appeal. The plaintiff began work as a driver for the defendant in 1973. The plaintiff alleged that between March, 1985, and September, 1988, he had suffered a total of nine work related injuries. In an effort to settle these claims, the parties entered into a "Stipulation for Full and Final Settlement" in January, 1990. This voluntary agreement required approval by the workers' compensation commissioner, pursuant to General Statutes § 31-296.[3]

---

[2] General Statutes § 31-290a (b) provides the following alternative procedures: "Any employee who is so discharged or discriminated against may either: (1) Bring a civil action in the superior court for the judicial district where the employer has its principal office for the reinstatement of his previous job, payment of back wages and reestablishment of employee benefits to which he would have otherwise been entitled if he had not been discriminated against or discharged and any other damages caused by such discrimination or discharge. The court may also award punitive damages. . . . or (2) file a complaint with the chairman of the workers' compensation commission alleging violation of the provisions of subsection (a) of this section. Upon receipt of any such complaint, the chairman shall select a commissioner to hear the complaint . . . . After the hearing, the commissioner shall send each party a written copy of his decision. The commissioner may award the employee the reinstatement of his previous job, payment of back wages and reestablishment of employee benefits to which he otherwise would have been eligible if he had not been discriminated against or discharged. . . . Any party aggrieved by the decision of the commissioner may appeal the decision to the appellate court."

[3] General Statutes § 31-296 provides in pertinent part: "If an employer and an injured employee . . . reach an agreement in regard to compen-

A separate "Resignation Agreement" tendered by the plaintiff in January, 1990, was not presented to the commissioner to be reviewed with the stipulation. The resignation agreement stated that the plaintiff "hereby promises to resign his employment . . . and further promises not to seek re-employment . . . . These promises are made in consideration of $1.00 . . . and other good and valuable consideration. This agreement is to take effect solely upon the approval of the attached [stipulation] by the Commissioner of the First District of the Connecticut Workers' Compensation System." When the commissioner approved the stipulation on March 5, 1990, the resignation agreement became effective.

In January, 1992, the plaintiff filed a complaint with the workers' compensation commission, alleging that the resignation agreement tendered by the plaintiff violated § 31-290a, and that the employer improperly failed to present the resignation agreement to the commissioner reviewing the stipulation. The case was presented before a commissioner on August 15, 1992. Prior to testimony, the defendant moved that the complaint be dismissed, but the commissioner reserved judgment. The plaintiff's case consisted solely of the plaintiff's testimony. The plaintiff testified both that he willingly resigned and that he did not want to resign. When the plaintiff rested, the commissioner granted the defendant's motion to dismiss the complaint, and stated "even if I believe and draw every inference [the plaintiff] want[s] me to draw . . . I can't hold the employer liable under 290a because [the plaintiff] entered into an agreement that he didn't want to enter

sation, such agreement shall be submitted in writing to the commissioner by the employer with a statement of the time, place and nature of the injury upon which it is based; and, if such commissioner finds such agreement to conform to the provisions of this chapter in every regard, he shall so approve it. . . ."

into, and [because the plaintiff] tendered a resignation he didn't want tendered."

At the close of trial, the plaintiff orally requested that the commissioner articulate his findings of fact and conclusions of law. The commissioner denied these requests. Further, the commissioner neither issued any written findings for the basis of his decision, nor, as required by § 31-290a (b) (2), issued a written copy of his decision to the parties. The plaintiff did not make a written motion for articulation of the commissioner's decision.

The appellant has the responsibility to provide this court with an adequate record for review. Practice Book § 4061; *DeMilo* v. *West Haven,* 189 Conn. 671, 681, 458 A.2d 362 (1983); *Holmes* v. *Holmes,* 32 Conn. App. 317, 319, 629 A.2d 1137, cert. denied, 228 Conn. 902, 634 A.2d 295 (1993); *Connecticut Bank & Trust Co., N.A.* v. *Linsky,* 32 Conn. App. 13, 15, 627 A.2d 956 (1993); *Augeri* v. *Planning & Zoning Commission,* 24 Conn. App. 172, 178, 586 A.2d 635, cert. denied, 218 Conn. 904, 588 A.2d 1383 (1991). "This court recently noted that we cannot render a decision without first having 'specific findings of fact to determine the basis of the court's ruling.' *State* v. *Rios,* 30 Conn. App. 712, 715, 622 A.2d 618 (1993)." *Gelormino* v. *Blaustein,* 31 Conn. App. 750, 751, 626 A.2d 1325 (1993). The commissioner failed to present, orally or in writing, the findings of fact that led to his conclusion that the case should be dismissed.

Pursuant to Practice Book § 4051,[4] a party can move in writing that a trial court articulate its findings. If a trial court denies a party's motion for articulation, that party may move that this court review the trial

---

[4] Practice Book § 4051 provides in pertinent part: "An original and three copies of a motion for rectification or articulation shall be filed with the appellate clerk and forwarded by such clerk to the trial judge. The trial judge shall file the ruling on the motion with the appellate clerk. . . ."

court's denial of the motion and, if appropriate, require that the trial court articulate its findings. Practice Book § 4054.[5]

The plaintiff claimed at oral argument that § 31-290a (b) (2), by providing for a direct appeal from the decision of the commissioner to this court, precluded him from filing a written motion for articulation and, if that motion were denied, from seeking a review of that denial. In this instance, the plaintiff had the choice of filing a complaint with the workers' compensation commission or bringing an action in the Superior Court. Because these proceedings are comparable, the commissioner acted, in effect, as the trial court in hearing the plaintiff's claims. For example, pursuant to General Statutes § 31-290a (b) (1), the trial court makes findings of fact and conclusions of law, and, pursuant to § 31-290a (b) (2), "[t]he workers' compensation commissioner has the power and the duty to determine the facts, and we will not review facts reasonably found by the commissioner. The commissioner's conclusions that are drawn from those facts must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. *Besade* v. *Interstate Security Services,* 212 Conn. 441, 448, 562 A.2d 1086 (1989); *Aurora* v. *Miami Plumbing & Heating, Inc.,* 6 Conn. App. 45, 47, 502 A.2d 952 (1986)." *Chiaia* v. *Pepperidge Farm, Inc.,* 24 Conn. App. 362, 364, 588 A.2d 652, cert. denied, 219 Conn. 907, 593 A.2d 133 (1991).

Under normal circumstances, this court will not remand a case to correct a deficiency that the appel-

---

[5] Practice Book § 4054 provides in pertinent part: "Any party aggrieved by the action of the trial judge as regards rectification of the appeal or articulation under Sec. 4051 may, within ten days of the issuance of notice of the order sought to be reviewed, make a written motion for review to the court, to be filed with the appellate clerk, and the court may, upon such a motion, direct any action it deems proper. . . ."

lant should have remedied. *Carpenter* v. *Carpenter*, 188 Conn. 736, 739 n.2, 453 A.2d 1151 (1982); *Scherr* v. *Scherr,* 183 Conn. 366, 368, 439 A.2d 375 (1981); *Connecticut Bank & Trust Co., N.A.* v. *Linsky,* supra, 15; *North Park Mortgage Services, Inc.* v. *Pinette,* 27 Conn. App. 628, 632, 608 A.2d 714 (1992). The plaintiff elected to bring his complaint to the workers' compensation commission rather than to proceed in the Superior Court. Under these circumstances, the plaintiff was not absolved of the requirement of filing a motion for articulation and seeking appropriate review in this court, where such review was necessary to create an adequate record for our review of his claim. "Without an adequate record on which to review the findings of the trial court, this court must assume that the trial court acted properly. *Jacobsen* v. *Jacobsen,* 177 Conn. 259, 267, 413 A.2d 854 (1979); *Johnson* v. *Newell,* 160 Conn. 269, 277, 278 A.2d 776 (1971); *State* v. *James L.,* 26 Conn. App. 81, 86, 598 A.2d 663 (1991)." *Connecticut Bank & Trust Co., N.A.* v. *Linsky,* supra, 16. Likewise, because there is no adequate record from which to review the decision of the commissioner, we must assume that the commissioner acted properly.

The decision of the commissioner is affirmed.

In this opinion the other judges concurred.