ECONOMY SALES AND SERVICE COMPANY *v.* FAMILY CENTER PHARMACY, INC.
(12012)

DUPONT, C. J., O'CONNELL and FOTI, Js.

Submitted on briefs November 30, 1993—decision released March 29, 1994

*Paul Bialobrzeski* filed a brief for the appellant (defendant).

*Lester E. Blank* and *Cheryl E. Eckhardt* filed a brief for the appellee (plaintiff).

O'CONNELL, J. The defendant appeals from a judgment rendered against it after a trial to the court. The defendant claims that the trial court improperly held that (1) the bulk sales act was applicable and (2) a creditor has a cause of action against a transferror under the circumstances of the case. We affirm the judgment of the trial court.

Each of the issues raised by the defendant requires a factual determination by the trial court. We afford review only to claims based on the complete factual record developed by the trial court. We cannot guess or speculate on the existence of a factual predicate to support a conclusion of law. *Plati* v. *United Parcel Service*, 33 Conn. App. 490, 494, 636 A.2d 395 (1994); *State* v. *Hoeplinger*, 27 Conn. App. 643, 647, 609 A.2d 1015, cert. denied, 223 Conn. 912, 612 A.2d 59 (1992).

We commence our analysis by considering the effect of Practice Book § 4059. "The trial court is given the option of filing a written memorandum of decision or orally reciting its decision into the record. If the decision is rendered orally, the court must order that the decision be transcribed and must sign the transcript and file it with the trial court within ten days of the filing of an appeal. Whether oral or written, the contents of the decision are identical. The rule requires

that the court state its decision on the issues of the case and, if there are factual issues, the factual basis of its decision. See C. Tait, Connecticut Appellate Practice and Procedure (1989) § 4.4." *State* v. *Rios,* 30 Conn. App. 712, 718, 622 A.2d 618 (1993) (*O'Connell, J.,* concurring).

In the present case, the trial court neither filed a written memorandum of decision nor signed a transcript of an oral decision, as required by § 4059.[1] Furthermore, the defendant failed to utilize any of the legal tools available to obtain the mandated decision.[2] *State* v. *Rios,* supra, 718–19 (*O'Connell, J.,* concurring).

In *Holmes* v. *Holmes,* 32 Conn. App. 317, 319–20, 629 A.2d 1137, cert. denied, 228 Conn. 902, 634 A.2d 295 (1993), we concluded that a similar delict in rule compliance constituted a failure on the part of the appellant to furnish an adequate record for review. "Without a written memorandum of decision or a properly recited and signed transcript of an oral decision on the record of the court's findings, we cannot determine if the court's conclusions were reasonable." *Zak* v. *Weisman,* 18 Conn. App. 16, 20, 556 A.2d 181 (1989).

---

[1] Practice Book § 4059 provides: "Except in small claims actions and as provided in Sec. 4060, when rendering judgments in trials to the court and in criminal cases, in ruling upon motions to dismiss under Sec. 814 and motions to suppress under Sec. 820, the court shall, either orally or in writing, state its decision on the issues in the case and, if there are factual issues, the factual basis of its decision. The court shall include in its decision its conclusion as to each claim of law raised by the parties. If oral, the decision shall be recorded by a court reporter and, if there is an appeal, the trial judge shall order the decision transcribed and the transcript of the decision shall be signed by the trial judge and filed in the trial court within ten days of the filing of the appeal. If written, the decision shall be stated in a memorandum of decision, which shall be filed with the clerk."

[2] The defendant could have moved this court, under Practice Book § 4183 (1), to order the trial court to file a memorandum or, under Practice Book § 4051, filed a motion seeking an articulation. See *State* v. *Rios,* 30 Conn. App. 712, 718–19, 622 A.2d 618 (1993) (*O'Connell, J.,* concurring).

The duty of providing us with an adequate record rests on the appellant. Practice Book § 4061.[3] Where the appellant fails in that duty, we may either decline to review the issues on appeal or order a remand compelling the trial judge to complete the trial court record. This court and the Supreme Court have both been reluctant sua sponte to order articulation if the appellant fails to move for articulation under Practice Book § 4051.[4] See *Holmes* v. *Holmes*, supra, 332 (*Lavery, J.,* dissenting). On a case-by-case basis, however, both courts have on occasion ordered articulation even after a case has been argued.[5]

This court recently reiterated in *Plati* v. *United Parcel Service*, supra, 494–95, that "[u]nder normal circumstances, this court will not remand a case to correct a deficiency that the appellant should have remedied." Remand following completion of appellate argument, however, gives rise to considerations not present if articulation is sought earlier in the appellate process. "A remand, resulting from an appropriate motion filed during the early stages of an appeal, is . . . certainly a less drastic step to correct the absence of a written memorandum or signed transcript of an oral decision." *State* v. *Rios*, supra, 720 (*O'Connell, J.,* concurring).

---

[3] Practice Book § 4061 provides in pertinent part: "It is the responsibility of the appellant to provide an adequate record for review."

[4] For cases declining review see *Ginsberg* v. *Fusaro*, 225 Conn. 420, 430–31, 623 A.2d 1014 (1993); *Berlin* v. *Commissioner of Revenue Services*, 207 Conn. 289, 295, 540 A.2d 1051 (1988); *J.M. Lynne Co.* v. *Geraghty*, 204 Conn. 361, 376–77, 528 A.2d 786 (1987); *Buchetto* v. *Haggquist*, 17 Conn. App. 544, 548, 554 A.2d 763, cert. denied, 211 Conn. 808, 559 A.2d 1141 (1989); *Urban* v. *Leggio*, 1 Conn. App. 226, 228, 470 A.2d 1226 (1984).

[5] For case remanded for articulation see *State* v. *Patterson*, 227 Conn. 448, 455, 629 A.2d 1133 (1993); *Lauer* v. *Zoning Commission*, 220 Conn. 455, 470–71, 600 A.2d 310 (1991); *Associated Catalog Merchants, Inc.* v. *Chagnon*, 210 Conn. 734, 750–51, 557 A.2d 525 (1989); *McNamee* v. *Woodbury Congregation of Jehovah's Witnesses*, 193 Conn. 15, 20, 475 A.2d 262 (1984); *Kaplan* v. *Kaplan*, 185 Conn. 42, 46, 440 A.2d 252 (1981); *North Park Mortgage Services, Inc.* v. *Pinette*, 27 Conn. App. 628, 632–33, 608 A.2d 714 (1992).

It is usually untimely and impractical to order a remand after the appellant's preliminary statement of issues has been filed, transcripts have been ordered, briefs of both parties have been filed, and oral argument has taken place in the Appellate Court. "A remand for compliance at this juncture potentially has the deleterious effect of returning the appeal to square one because new issues may arise from the heretofore undisclosed basis of the trial court's decision." Id.

Because the defendant has failed in its duty timely to furnish us with an adequate record for review, its claims must fail.

The judgment is affirmed.

In this opinion the other judges concurred.