STATE OF CONNECTICUT *v.* MITCHELL ROSEDOM
(11269)

DUPONT, C. J., O'CONNELL and SPEAR, Js.

Argued January 18—decision released April 19, 1994

*Charles L. Howard,* special public defender, with whom, on the brief, was *Gregory T. D'Auria,* special public defender, for the appellant (defendant).

*Timothy J. Sugrue,* assistant state's attorney, with whom, on the brief, were *Eugene Callahan,* state's attorney, and *James Bernardi,* assistant state's attorney, for the appellee (state).

SPEAR, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of possession of narcotics with intent to sell by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b).[1] The defendant claims that the trial court improperly (1) denied his motion to suppress physical

---

[1] General Statutes § 21a-278 (b) provides in pertinent part: "Any person who . . . possesses with intent to sell . . . any narcotic substance . . . and who is not at the time of such action a drug-dependent person, for a first offense shall be imprisoned not less than five years nor more than twenty years; and for each subsequent offense shall be imprisoned not less than ten years nor more than twenty-five years. . . ."

evidence and (2) admitted multiple copies of police inventory forms. We affirm the judgment of the trial court.

I

The defendant first claims that the trial court improperly denied his motion to suppress a beeper and money taken from his jacket and trouser pockets after they were discovered during a pat down by Officer Richard Bartlett and Sergeant Richard Conklin of the Stamford police department. At the close of the hearing, which took place on February 16 and 17, 1990, the trial court denied the defendant's motion to suppress, but did not comply with Practice Book § 4059 because it did not issue a written memorandum or transcribe and sign its oral decision.[2] "While we do not condone the court's failure to comply with § 4059, and would decline in most instances to search the transcript to ascertain the factual basis in support of the trial court's ruling, we would not exalt form over substance if the deficiency were of a technical nature." *State* v. *Rios*, 30 Conn. App. 712, 714, 622 A.2d 618 (1993). In this case, the trial court's failure to issue a written memorandum or set forth in the transcript any factual findings to support its decision is not a technical deficiency. Rather, it is a fatal flaw that prevents our review of the merits of the defendant's claim. Id., 715.

The defendant relies on *State* v. *MacNeil,* 28 Conn. App. 508, 515, 613 A.2d 296, cert. denied, 224 Conn. 901, 615 A.2d 1044 (1992), in which this court noted that

---

[2] Practice Book § 4059 provides in pertinent part: "[I]n criminal cases, in ruling upon . . . motions to suppress under Sec. 820, the court shall, either orally or in writing, state its decision on the issues in the case and, if there are factual issues, the factual basis of its decision. . . . If oral, the decision shall be recorded by a court reporter and, if there is an appeal, the trial judge shall order the decision transcribed and the transcript of the decision shall be signed by the trial judge and filed in the trial court within ten days of the filing of the appeal. . . ."

we "may resort to the evidence produced in support of the [trial] court's ruling on a suppression motion when, as here, the [trial] court does not make detailed factual findings to support its decision." In *MacNeil*, however, "the court had issued a memorandum of decision in ruling on the suppression motion and on appeal the court simply resorted to evidence as set forth in the transcript to ascertain the factual findings to support the decision." *State* v. *Rios*, supra, 30 Conn. App. 714. Here, in contrast, no written memorandum of decision was issued.

The transcript of the suppression hearing does not reveal any specific findings by the trial court that would support its decision to uphold Bartlett and Conklin's pat down of the defendant. The court may have decided that the beeper and bulges of money felt as if they could have been weapons and were discovered as the result of a valid *Terry*[3] pat down, or that the search of the defendant was incident to arrest and, therefore, did not require that the police obtain a search warrant. Without any specific findings of fact, however, we cannot determine the basis of the court's ruling and thus cannot review the merits of the defendant's claim.

It is the appellant's duty to take the necessary steps to provide us with an adequate record for appellate review. Practice Book § 4061; *Holmes* v. *Holmes*, 32 Conn. App. 317, 319, 629 A.2d 1137, cert. denied, 228 Conn. 902, 634 A.2d 295 (1993); *State* v. *Rios*, supra, 30 Conn. App. 715; *State* v. *Hoeplinger*, 27 Conn. App. 643, 647, 609 A.2d 1015, cert. denied, 223 Conn. 912, 612 A.2d 59 (1992). The defendant could have ensured the adequacy of the record by filing a motion for articulation pursuant to Practice Book § 4051[4] asking the

---

[3] *Terry* v. *Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968).

[4] Practice Book § 4051 provides: "An original and three copies of a motion for rectification or articulation shall be filed with the appellate clerk and

trial court to set forth the basis and reasoning for its decision, or by filing a motion to compel the trial court to file a memorandum of decision pursuant to Practice Book § 4183.[5] He elected to do neither. When our rules of practice are not followed, and the record is not rectified, we are left to guess or speculate as to the exis-

forwarded by such clerk to the trial judge. The trial judge shall file the ruling on the motion with the appellate clerk.

"Any motion seeking corrections in the transcript or the trial court record which depend on proof of matters not of record or seeking an articulation or further articulation of the decision of the trial court shall be determined by the judge of the trial court whence the appeal is taken or the reservation is made. The trial court may make such corrections or additions as are necessary for the proper presentation of the preliminary statement of issues or for the proper presentation of questions reserved; or the trial court may approve a stipulation of counsel that such a correction or addition be made, provided the motion or stipulation is presented before the appeal is ready to be assigned for hearing and only by leave of the supreme court or the appellate court thereafter. The action of the trial judge as regards such a correction or addition may be reviewed by the court in which the appeal is pending under Sec. 4054. Nothing herein is intended to affect the existing practice with respect to opening and correcting judgments and the records on which they are based.

"Corrections made before the record is prepared shall be included in it. If the record has been prepared, the appellate clerk may prepare a supplemental record, to be distributed in the same way as the original record."

[5] Practice Book § 4183 provides in relevant part: "The court may, on its own motion, modify or vacate any order made by the trial court, or a judge thereof, in relation to the prosecution of the appeal. It may also, for example, on its own motion or upon motion of any party, (1) order a judge to take any action necessary to complete the trial court record for the proper presentation of the appeal . . . ."

This court and the Supreme Court, however, have both been reluctant to order articulation sua sponte if the appellant fails to move for articulation under Practice Book § 4051. See, e.g., *Ginsburg* v. *Fusaro,* 225 Conn. 420, 430–31, 623 A.2d 1014 (1993); *Berlin* v. *Commissioner of Revenue Services,* 207 Conn. 289, 295, 540 A.2d 1051 (1988); *J. M. Lynne Co.* v. *Geraghty,* 204 Conn. 361, 376–77, 528 A.2d 786 (1987); *Buchetto* v. *Haggquist,* 17 Conn. App. 544, 548, 554 A.2d 763, cert. denied, 211 Conn. 808, 559 A.2d 1141 (1989); *Urban* v. *Leggio,* 1 Conn. App. 226, 228, 470 A.2d 1226 (1984). " '[U]nder normal circumstances, this court will not remand a case to correct a deficiency that the appellant should have remedied.' " *Economy Sales & Service Co.* v. *Family Center Pharmacy, Inc.,* 33 Conn. App. 822, 825, 639 A.2d 1042 (1994), quoting *Plati* v. *United Parcel Service,* 33 Conn. App. 490, 494-95, 636 A.2d 395 (1994).

tence of a factual predicate. See *Holmes* v. *Holmes,* supra, 319; *State* v. *Rios,* supra, 719–20 (*O'Connell, J.,* concurring). As it is not the function of this court to find facts, we decline to review this claim.

## II

The defendant next claims that the trial court abused its discretion when it admitted certain documents into evidence under two independent rules of evidence. Specifically, he argues that he was prejudiced by multiple admissions of the same police inventory forms. We disagree.

During the testimony of Officer William Biasetti of the Stamford police department, the state offered four documents as business records: an inventory of seized property form (form I), a Stamford police department inventory form (form II), and two receipts for seized property. Each document identified the defendant and the items seized in connection with his arrest. The state offered these documents to establish the chain of custody of the seized items and the documents were admitted as an exhibit over the defendant's objection.

Later in the trial, during the testimony of Conklin, the state offered a second inventory of seized property form (form III) that was virtually identical to form I. Form III identified the denominations of currency seized from the defendant, which were relevant to prove intent to sell. Because Conklin could not recall the exact denominations he had seized during the pat down of the defendant, form III was admitted over the defendant's objection as a past recollection recorded.

During the testimony of Sergeant Charles Rondano of the Stamford police department, the state offered another inventory form (form IV) as a business record to establish chain of custody. Form IV differed from form II in that it contained notations made by Rondano,

the property room supervisor, as to the movement of the beeper and money to and from the property room. Form IV was also admitted into evidence over the defendant's objection.

The defendant argues that multiple admissions of the same document cause confusion and mislead the jury as to the document's significance. He claims, therefore, that he was prejudiced by the admission of forms III and IV.

"The trial court has wide discretion in its rulings on evidence and its rulings will be reversed only if the court has abused its discretion or an injustice appears to have been done." *State* v. *Boles,* 223 Conn. 535, 549, 613 A.2d 770 (1992); *State* v. *Colton,* 227 Conn. 231, 258, 630 A.2d 577 (1993); *State* v. *Alvarez,* 216 Conn. 301, 306, 579 A.2d 515 (1990); *State* v. *Lee,* 32 Conn. App. 84, 95, 628 A.2d 1318, cert. denied, 227 Conn. 924, 632 A.2d 702 (1993).

Form III, admitted during Conklin's testimony, was "simply cumulative and supplementary" to form I. "It is within the trial court's discretion to admit or exclude evidence that is cumulative." *State* v. *Polanco,* 26 Conn. App. 33, 38, 597 A.2d 830, cert. denied, 220 Conn. 926, 598 A.2d 367 (1991); *State* v. *Mason,* 186 Conn. 574, 581, 442 A.2d 1335 (1982). The trial court did not abuse its discretion when it admitted form III because it was virtually identical to form I, and thus was unlikely to have had an effect on the jury. See *Schnabel* v. *Tyler,* 32 Conn. App. 704, 712, 630 A.2d 1361, cert. granted, 227 Conn. 932, 632 A.2d 708 (1993); see also *Bell Food Services, Inc.* v. *Sherbacow,* 217 Conn. 476, 490, 586 A.2d 1157 (1991).

In contrast, form IV, admitted during Rondano's testimony, was not identical to form II and was thus not merely cumulative. Unlike form II, form IV contained Rondano's notations, which were relevant to establish-

ing the chain of custody. The mere fact that form IV contained some of the same evidence that was admitted during Biasetti's testimony does not make it cumulative. Rather, " '[t]o the extent that evidence presents new matter, it is obviously not cumulative with evidence previously received.' " *State* v. *Parris,* 219 Conn. 283, 293, 592 A.2d 943 (1991); *State* v. *Parsons,* 28 Conn. App. 91, 106, 612 A.2d 73, cert. denied, 223 Conn. 920, 614 A.2d 829 (1992). Thus, admission of form IV containing Rondano's notations, rather than being prejudicially cumulative, covered new matter by demonstrating that the items seized were properly secured. Our review of the record leads us to conclude that the trial court did not abuse its discretion when it admitted form IV into evidence.

The judgment is affirmed.

In this opinion the other judges concurred.