STATE OF CONNECTICUT *v.* CARLOS FONTANEZ
(13165)

LANDAU, HENNESSY and FREEDMAN, Js.

---

Argued October 24, 1994—decision released March 14, 1995

*Christine Perra,* deputy assistant public defender, with whom, on the brief, was *Lorenzo Smith,* assistant public defender, for the appellant (defendant).

*Timothy J. Sugrue,* assistant state's attorney, with whom, on the brief, were *James E. Thomas,* state's attorney, and *Scott Murphy,* supervisory assistant state's attorney, for the appellee (state).

HENNESSY, J. The defendant, Carlos Fontanez, appeals from the judgment of conviction, after a conditional plea of nolo contendere pursuant to General Statutes § 54-94a, for possession of narcotics with intent to sell in violation of General Statutes § 21a-277 (a). He claims that the trial court improperly denied his motion to suppress evidence seized pursuant to a roadside inventory search of the vehicle in which he was traveling. We find the record is inadequate to allow review of this claim and affirm the judgment of the trial court.

The defendant's motion to suppress was denied in an oral decision of the trial court. On appeal, we are

presented with complete transcripts of the suppression hearing and the trial court's ruling on the suppression issue. Our close inspection of the record and the transcripts fails to reveal that the trial court made any findings of fact on which we can base review of this claim.

The transcripts provided to this court are completely devoid of any factual findings by the trial court. "Without any specific findings of fact . . . we cannot determine the basis of the court's ruling and thus cannot review the merits of the defendant's claim." *State* v. *Rosedom*, 34 Conn. App. 141, 144, 640 A.2d 634 (1994).

This deficiency in the record should have been remedied by the appellant at the outset of the appeal process. Practice Book § 4061 provides that "[i]t is the responsibility of the appellant to provide an adequate record for review." Where a transcript of an oral decision of the trial court fails to set forth the factual basis of the trial court's decision, the appellant should perfect the record on appeal either by filing a motion to compel the trial court to file a memorandum of decision pursuant to Practice Book § 4183 (1), or by filing a motion for articulation pursuant to Practice Book § 4051. See *State* v. *Rosedom*, supra, 34 Conn. App. 144–45; *State* v. *Rios*, 30 Conn. App. 712, 718–19, 622 A.2d 618 (1993) (*O'Connell, J.,* concurring). Here the appellant failed to do either.[1] "When our rules of practice are not followed, and the record is not rectified, we are left to guess or speculate as to the existence of a factual predicate. . . . As it is not the function of this court to find facts, we decline to review this claim." (Citations omitted.) *State* v. *Rosedom,* supra, 145–46.

---

[1] We also note that the trial court never signed the transcript of the oral decision as required by Practice Book § 4059. This deficiency should also have been remedied by the appellant. See *State* v. *Lawler,* 30 Conn. App. 827, 828 n.2, 622 A.2d 1040 (1993); *State* v. *Rivera,* 30 Conn. App. 224, 225 n.1, 619 A.2d 1146, cert. denied, 225 Conn. 913, 623 A.2d 1024 (1993).

The judgment is affirmed.

In this opinion the other judges concurred.