JAMES SIDELLA *v.* KELLY SERVICES, INC., ET AL.
(15540)

Dupont, C. J., and Foti and Heiman, Js.

Considered March 13—officially released April 23, 1996

*Timothy E. Welsh,* in support of the motion.

FOTI, J. In this appeal from a decision by the workers' compensation review board (board), the defendants Kelly Services, Inc. (Kelly), and CNA Insurance Company (CNA) move for review of the workers' compensation commissioner's (commissioner) denial of their motion for articulation. We conclude that the motion for review is improper and therefore dismiss the motion for review.

The following facts are relevant to the disposition of this motion. After an injury to the plaintiff's spine in 1989, the plaintiff's employer at that time, Furniture Concepts, Inc. (Furniture Concepts), accepted the compensability of the injury. The plaintiff underwent surgery and, thereafter, did not return to work with Furniture Concepts. He later took a job with Kelly. While working for Kelly in 1993, the plaintiff sustained

further injuries to his spine as a result of another accident.

Although Kelly and its insurer, CNA, accepted compensability for the 1993 injury, they sought apportionment of the claim with Furniture Concepts and its insurer, Aetna Casualty and Surety Company.[1] They argued that the 1989 accident and the 1993 accident were concurrent causes contributing to the plaintiff's injury. The commissioner denied Kelly and CNA's request for apportionment and found that there were two separate identifiable traumatic incidents. Kelly and CNA appealed from that decision to the board. The board affirmed the commissioner's decision and this appeal followed.

After the appeal was filed, Kelly and CNA filed a motion requesting that the commissioner articulate her decision. The commissioner denied the motion for articulation. Kelly and CNA then filed the present motion in this court for review of the commissioner's denial of the motion for articulation. The motion argues that the commissioner never made a finding as to whether both accidents were contributing causes to the plaintiff's current injury.

In *Plati* v. *United Parcel Service*, 33 Conn. App. 490, 636 A.2d 395 (1994), this court indicated that it would have been proper for the plaintiff-appellant to file a motion for articulation of the commissioner's decision and a motion for review, if necessary, to create an adequate record for review for this court. The appeal in *Plati*, however, was taken directly from the commissioner's decision to this court pursuant to General Statutes § 31-290a (b) (2).[2]

---

[1] The Second Injury Fund is also a defendant to this proceeding, in addition to Kelly, CNA, Furniture Concepts and Aetna Casualty and Surety Company.

[2] General Statutes § 31-290a (b) provides in relevant part: "Any employee who is so discharged or discriminated against may . . . (2) file a complaint with the chairman of the Workers' Compensation Commission alleging viola-

*Plati* can be distinguished from this action because this appeal was not taken directly from the commissioner's decision pursuant to § 31-290a (b) (2), but instead was taken from the board's decision affirming the commissioner's ruling, pursuant to General Statutes § 31-301b.[3] Despite Kelly and CNA's contention that the appeal is taken from both the commissioner's and the board's decisions, § 31-301b provides for an appeal to this court in a workers' compensation case from only the board's decision.

Under the facts of this case, a motion for review filed pursuant to Practice Book § 4054 is not proper. Section 4054 provides in pertinent part: "Any party aggrieved by the action of the trial judge as regards rectification of the appeal or articulation under Sec. 4051, may within ten days of the issuance of notice of the order sought to be reviewed, make a written motion for review to the court, to be filed with the appellate clerk, and the court may, upon such a motion, direct any action it deems proper. . . ." In *Reising* v. *General Dynamics Corp./Electric Boat Division*, 38 Conn. App. 637, 638, 661 A.2d 1042 (1995), we concluded that a motion for review of the board's denial of a motion for articulation is improper as the board acts not as a trial court, but as an appellate court in workers' compensation appeals. In this case, the motion for articulation was directed to the commissioner, who does act as a trial judge. This appeal is not, however, taken from the commissioner's decision, but instead is taken from the board's decision.

tion of the provisions of subsection (a) of this section. Upon receipt of any such complaint, the chairman shall select a commissioner to hear the complaint . . . . After the hearing, the commissioner shall send each party a written copy of his decision. . . . Any party aggrieved by the decision of the commissioner may appeal the decision to the appellate court."

[3] General Statutes § 31-301b provides: "Any party aggrieved by the decision of the Compensation Review Board upon any question or questions of law arising in the proceedings may appeal the decision of the Compensation Review Board to the appellate court."

Because this appeal is taken from the board's decision, the issues on appeal involve review of only the board's action. Although this court may consider the commissioner's decision on appeal, we would consider it only in light of the action taken by the board as to that decision. For these reasons we conclude that the motion for review is improper.

The motion for review is dismissed.

In this opinion the other judges concurred.

