JOEL SINGER *v.* LAWRENCE R. MATTO ET AL.
(AC 16957)

Foti, Landau and Healey, Js.

Argued January 26—officially released April 21, 1998

*Lawrence R. Matto*, pro se, the appellant (defendant), with whom, on the brief, was *Terence S. Hawkins*.

*Paul T. Edwards*, with whom were *Vincent A. Errante, Jr.*, and, on the brief, *Joyce A. Lagnese*, for the appellee (plaintiff).

*Opinion*

LANDAU, J. The defendants, Lawrence R. Matto and Helene F. Matto, appeal from the judgment of the trial court denying their motion to reargue the award of sanctions to the plaintiff, Joel Singer, a plastic surgeon. The pro se defendants claim that the trial court improperly denied their motion to reargue[1] the plaintiff's motion for costs and attorney's fees in which they sought the opportunity to advance, through counsel, arguments not previously before the trial court and to develop an evidentiary record sufficient to allow the reviewing tribunal to evaluate those arguments.

---

[1] Although it is titled "motion to reargue," the defendants' motion is in effect a motion to open the judgment.

The following facts are relevant to the disposition of this appeal. Singer brought suit against the defendants for payment of professional services he had rendered to the defendant Lawrence R. Matto. The Mattos counterclaimed for medical malpractice. On June 13, 1996, after a trial to the court, the trial court rendered judgment in favor of Singer on his collection claim in the amount of $4425 together with costs and in favor of Singer on the malpractice counterclaim. After a hearing on July 18, 1996, the trial court ruled on Singer's motion for costs and attorney's fees, awarding him $87,037.43, pursuant to General Statutes § 52-190a.[2] The trial court concluded that the defendants did not have a good faith

[2] General Statutes § 52-190a (a) provides: "No civil action shall be filed to recover damages resulting from personal injury or wrongful death occurring on or after October 1, 1987, whether in tort or in contract, in which it is alleged that such injury or death resulted from the negligence of a health care provider, unless the attorney or party filing the action has made a reasonable inquiry as permitted by the circumstances to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant. The complaint or initial pleading shall contain a certificate, on a form prescribed by the rules of the superior court, of the attorney or party filing the action that such reasonable inquiry gave rise to a good faith belief that grounds exist for an action against each named defendant. For purposes of this section, such good faith may be shown to exist if the claimant or his attorney has received a written opinion, which shall not be subject to discovery by any party except for questioning the validity of the certificate, of a similar health care provider as defined in section 52-184c, which similar health care provider shall be selected pursuant to the provisions of said section, that there appears to be evidence of medical negligence. In addition to such written opinion, the court may consider other factors with regard to the existence of good faith. If the court determines after the completion of discovery, that such certificate was not made in good faith and that no justiciable issue was presented against a health care provider that fully cooperated in providing informal discovery, the court upon motion or upon its own initiative, shall impose upon the person who signed such certificate, a represented party or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney's fee. The court may also submit the matter to the appropriate authority for disciplinary review of the attorney if the claimant's attorney submitted the certificate."

basis for filing their malpractice counterclaim.[3] The defendants then retained counsel, who, on August 6, 1996, filed a motion to reargue the award of attorney's fees. After a hearing on February 7, 1997, the trial court, ruling from the bench, denied the motion to reargue. The defendants appealed and moved for permission to create a record for appellate review. On October 8, 1997, over strong objection by the plaintiff, this court granted permission for the defendants to file the transcripts of the July 18, 1996 hearing and the trial of June 11 through June 13, 1996. The defendants did not, however, seek permission to supplement the record with the transcript of the February 7, 1997 hearing.

It is important to note that the sole issue before us is whether the trial court properly denied the motion to reargue. Our inquiry is whether the trial court abused its broad discretion in denying the relief sought by the defendants. See *Tiber Holding Corp.* v. *Greenberg*, 36 Conn. App. 670, 671, 652 A.2d 1063 (1995). The plaintiff claims, with respect to the trial court's ruling on the motion to reargue, that the record is inadequate to review the defendants' claim. He argues that the defendants' failure to provide a memorandum of decision or a signed transcript of an oral decision rendered from the bench precludes appellate review of their claim. See Practice Book §§ 4059 and 4060, now Practice Book (1998 Rev.) §§ 64-1 and 64-2.

While we have on occasion excused noncompliance with these rules; see *State* v. *Lawler*, 30 Conn. App. 827, 828 n.2, 622 A.2d 1040 (1993) (appellant did not furnish signed transcript containing trial court's oral decision, but between parties, complete copy of transcript filed); *Fiddelman* v. *Redmon*, 31 Conn. App. 201, 209 n.6, 623 A.2d 1064, cert. denied, 226 Conn. 915,

---

[3] The defendants appealed from the June 13 and July 18, 1996 judgments and this court dismissed the appeal as having been untimely filed.

628 A.2d 986 (1993) (trial court did not issue written memorandum or transcribe and sign oral decision but did issue detailed statement of findings and conclusions); we have done so in those instances where the trial court's decision was sufficiently detailed and concise so that review of the appellant's claim was possible. Therefore, we do not "exalt form over substance." *State v. Rios*, 30 Conn. App. 712, 714, 622 A.2d 618 (1993).

In this case, we do not have a written memorandum, a signed transcript *or any transcript whatsoever.* We keep in mind that the defendants in this case appeared pro se at various times and that the appellate courts of this state consistently have been solicitous of the rights of pro se litigants. See *Connecticut Light & Power Co. v. Kluczinsky*, 171 Conn. 516, 519, 370 A.2d 1306 (1976). We are cognizant, however, that the defendants in this case were represented by counsel from August, 1996, until November, 1997. In any event, we do not seek to tilt the playing field so that pro se litigants are given greater rights than those litigants represented by counsel.

The defendants have not designated a single page of the transcript of the February 7, 1997 hearing as necessary for the prosecution of their appeal. Nor did they timely avail themselves of the variety of procedural vehicles available to them to provide an adequate record. See, e.g., Practice Book § 4051, now Practice Book (1998 Rev.) § 66-5 (motion for articulation)[4] and § 4059 (b), now Practice Book (1998 Rev.) § 64-1 (b) (notice to appellate clerk of trial court's failure to file memorandum of decision). Nor can it be said that the defendants were unaware or unenlightened as to the possibility of supplementing the record because they

---

[4] The defendants did file an untimely motion for articulation, which was denied by the trial court; an untimely motion for review of the denial was dismissed by this court on October 8, 1997.

filed three motions with this court in September, 1997, requesting, inter alia, permission to file the transcript of the July 18, 1996 hearing on the plaintiff's motion for costs and attorney's fees.

Absent a transcript or any type of record of the February 7, 1997 hearing, we are deprived of an appropriate and adequate means of determining whether the trial court properly exercised its discretion in denying the defendants' motion to reargue. "Without an adequate record on which to review the findings of the trial court, this court must assume that the trial court acted properly." (Internal quotation marks omitted.) *Plati* v. *United Parcel Service*, 33 Conn. App. 490, 495, 636 A.2d 395 (1994). "The [defendants] failed to follow the relatively simple rules established to guarantee the presentation to this court of a record appropriate to review. . . . As an appellate tribunal, either we adhere to the letter of the rules or create judicial anarchy, whereby, on an ad hoc basis, we decide cases, the outcome of which will turn on the mind-set of the panel hearing the appeal." (Citation omitted; internal quotation marks omitted.) *Dime Savings Bank of Wallingford* v. *Cornaglia*, 33 Conn. App. 549, 555, 636 A.2d 1370, cert. granted, 229 Conn. 907, 640 A.2d 120 (appeal withdrawn October 17, 1994).

The judgment is affirmed.

In this opinion the other judges concurred.