## KENNETH REISING *v.* GENERAL DYNAMICS CORPORATION/ELECTRIC BOAT DIVISION ET AL.
### (14305)

DUPONT, C. J., and FOTI, LAVERY, LANDAU and HEIMAN, Js.

Considered May 24—decision released July 14, 1995

*John W. Greiner,* in support of the motion for review.

*Taka Iwashita,* assistant attorney general, in opposition to the motion for review.

PER CURIAM. In this appeal from a decision by the workers' compensation review board, the defendant General Dynamics Corporation/Electric Boat Division (General Dynamics) has filed a motion for review of the board's denial of General Dynamics' motion for articulation. The dispositive issue is whether Practice Book § 4054 provides a mechanism by which this court can review requests for articulation denied by the board. We conclude that it does not and therefore dismiss General Dynamics' motion as improper.

The workers' compensation commissioner transferred liability for compensation benefits, payable to the plaintiff, Kenneth Reising, from General Dynamics to the defendant second injury fund (fund). The fund

appealed to the board, which reversed the commissioner's decision. General Dynamics now appeals from the board's decision.

General Dynamics moved the board to articulate the bases for its findings that extensions of time, filed by the fund, were not late and were not submitted merely for the purposes of delay, and that a motion to dismiss, filed by General Dynamics, was untimely. The board denied the motion for articulation, with one commissioner dissenting from that decision. General Dynamics subsequently filed, with this court, a motion for review of the board's denial of the motion for articulation.

General Dynamics bases its motion for review on Practice Book § 4054, which provides in pertinent part: "Any party aggrieved by the action of the *trial judge* as regards rectification of the appeal or articulation under Sec. 4051 may within ten days of the issuance of notice of the order sought to be reviewed, make a written motion for review to the court, to be filed with the appellate clerk and the court may, upon such a motion direct any action it deems proper." (Emphasis added.) This section allows this court to review only those requests for articulation that have been denied by the trial court. The board acts not as a trial court, but as an appellate court in workers' compensation appeals. General Statutes § 31-280b.

We are asked to review a denial of a motion for articulation by the board. Practice Book § 4054, which deals with motions for review, limits our review to actions of a "trial judge." We conclude that Practice Book § 4054 does not provide a mechanism by which this court can review a denial or dismissal of a motion for articulation filed with the board.

The motion for review is dismissed.