ARMOND ROUILLARD *v.* COMMISSIONER OF CORRECTION (12205)

LAVERY, FREEDMAN and SPEAR, Js.

Argued May 4—decision released August 30, 1994

*Edwin C. Pearson,* for the appellant (petitioner).

*Margaret Gaffney Radionovas,* assistant state's attorney, with whom, on the brief, were *John M. Bailey,*

chief state's attorney, and *John Dropick,* assistant state's attorney, for the appellee (respondent).

LAVERY, J. The petitioner appeals from the dismissal of his petition for a writ of habeas corpus.[1] He raises the following claims on appeal: (1) he received ineffective assistance from his trial counsel; (2) the trial court's canvass failed to comply with Practice Book § 711 (2) and (4); and (3) the state violated his right to due process when it altered the date of the alleged offense on the information. We affirm the judgment of the trial court.

The following facts are not disputed. On February 20, 1985, the petitioner pleaded nolo contendere to one count of sexual assault in the first degree in violation of General Statutes § 53a-70,[2] and one count of risk of injury to a child in violation of General Statutes § 53-21,[3] on an information brought to the Superior Court in geographical area number twelve (hereinafter the G.A. 12 case). On March 1, 1985, the petitioner pleaded nolo contendere to a total of three counts of sexual assault in the second degree in violation of Gen-

[1] The petition was dismissed as to all claims, except that the petitioner's right to sentence review was reinstated.

[2] General Statutes § 53a-70 provides in relevant part: "(a) A person is guilty of sexual assault in the first degree when such person (1) compels another person to engage in sexual intercourse by the use of force against such other person or a third person, or by the threat of use of force against such other person or against a third person which reasonably causes such person to fear physical injury to such person or a third person, or (2) engages in sexual intercourse with a person under thirteen years of age . . . .

"(b) Sexual assault in the first degree is a class B felony for which one year of the sentence imposed may not be suspended or reduced by the court."

[3] General Statutes § 53-21 provides: "Any person who wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that its life or limb is endangered, or its health is likely to be injured, or its morals likely to be impaired, or does any act likely to impair the health or morals of any such child, shall be fined not more than five hundred dollars or imprisoned not more than ten years or both."

eral Statutes § 53a-71,[4] on informations brought to the Superior Court in geographical area number thirteen (hereinafter the G.A. 13 cases). The petitioner entered these pleas under the *Alford* doctrine.[5] In return for his pleas in all of the cases, the petitioner received a total effective sentence of thirty to forty-five years in prison.

On October 22, 1985, the petitioner appeared before the sentence review board seeking review of his sentences in these cases. The board dismissed the case and the petitioner appealed the dismissal to this court. This court dismissed that appeal on December 9, 1986. The petitioner initiated habeas corpus proceedings on February 23, 1987, to challenge the validity of the convictions.

I

The petitioner claims that his guilty pleas in the G.A. 13 cases were invalid because the trial court failed to comply with Practice Book § 711. Specifically, the petitioner claims that the trial court failed to canvass him as directed by § 711 (2) and (4).

Practice Book § 711 details the requirements for a guilty plea, ensuring that a plea is made knowingly and voluntarily. In particular, § 711 (4) requires that the judicial authority must first address the defendant per-

---

[4] General Statutes (Rev. to 1979) § 53a-71 provides: "(a) A person is guilty of sexual assault in the second degree when such person engages in sexual intercourse with another person and such other person is (1) under fifteen years of age, or (2) mentally defective, mentally incapacitated or physically helpless, or (3) less than eighteen years old and the actor is such person's guardian or otherwise responsible for the general supervision of such person's welfare, or (4) such other person is in custody of law or detained in a hospital or other institution and the actor has supervisory or disciplinary authority over such other person.

"(b) Sexual assault in the second degree is a class C felony."

[5] *North Carolina* v. *Alford,* 400 U.S. 25, 31, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

sonally to determine that the defendant fully understands the maximum possible sentence on the charge, including, if there are several charges, the maximum sentence from consecutive sentences. Practice Book § 711 (4) is an express recognition that the defendant's awareness of the maximum sentence possible is an essential factor in determining whether to plead guilty. *State* v. *James,* 197 Conn. 358, 363, 497 A.2d 402 (1985). The defendant is constitutionally entitled to be informed of the direct consequences of his plea as the length of time a defendant may have to spend in prison is clearly crucial to a decision to plead guilty. *Sherbo* v. *Manson,* 21 Conn. App. 172, 181, 572 A.2d 378, cert. denied, 215 Conn. 808, 809, 576 A.2d 539 (1990).

The habeas court correctly rejected the petitioner's claim that the trial court failed to comply with the constitutional mandate recognized by Practice Book § 711 (4). The record clearly reveals that the petitioner understood, as required by Practice Book § 711 (4), the maximum possible sentences for all offenses, and that the sentences could be imposed consecutively.[6] Thus, the trial court properly canvassed the defendant and the defendant's claim must fail.

Second, the petitioner claims that the trial court's canvass did not comply with the requirements of Practice Book § 711 (2). After the habeas court found that there was no deliberate bypass[7] of orderly procedures

---

[6] The transcript adequately reflects that the petitioner understood the maximum possible sentences for all offenses, and that the sentences could be imposed consecutively.

"The Court: Has your counsel informed you of the maximum sentence?

"Mr. Rouillard: Yes.

\* \* \*

"The Court: Are you aware that in each of these counts the maximum penalty is ten years in prison . . . and that they can run consecutively for a total effective potential sentence . . . are you aware of that?

"Mr. Rouillard: Yeah, I am."

[7] This court notes that the habeas court should have employed the test for cause and prejudice and not the bypass test. *Lozada* v. *Warden,* 223

respecting relevant substantive claims, the habeas court summarily dismissed the petitioner's § 711 (2) claim as being without merit. Because the habeas court dismissed the claim without explanation and the petitioner did not file a motion for articulation of the court's decision, there is no record before us explaining the habeas court's reasoning.

In accordance with Practice Book § 4059, the petitioner has a duty to provide this court with a record for review. "The [petitioner] failed to follow the relatively simple rules established to guarantee the presentation to this court of a record appropriate for review." *Holmes* v. *Holmes,* 32 Conn. App. 317, 322, 629 A.2d 1137, cert. denied, 228 Conn. 902, 634 A.2d 295 (1993). As there was a total failure on the petitioner's part to comply with Practice Book § 4059, the petitioner's claim must fail. *Economy Sales & Service Co.* v. *Family Center Pharmacy, Inc.,* 33 Conn. App. 822, 826, 639 A.2d 1042 (1994).

## II

The petitioner next claims that the habeas court should have found that the alteration of the date of the alleged offense violated his due process rights. The state's attorney in the G.A. 13 cases changed the date of the offense charged from "June 1976" to "December 1979." The habeas court noted that this change occurred after a review of all the evidence. The habeas court found that the facts available to the state's attorney supported the change of offense date. The habeas court also found that the petitioner had not deliberately bypassed direct appeal of this claim, but did not specifically address the merits of the claim. Instead, the court swept the petitioner's claim out with all other unaddressed issues in the final sentence of its opinion:

Conn. 834, 613 A.2d 818 (1992). Notwithstanding this fact, the petitioner was not prejudiced, as he received a review on the merits.

"All other claims made in or within the purview of the Third Revised Amended Petition herein are dismissed." As the habeas court dismissed the claim without explanation and the petitioner did not file a motion for articulation of the court's decision, the petitioner, here as in part I, completely failed to fulfill his duty under Practice Book § 4059 and his claim must fail. See *Economy Sales & Service Co.* v. *Family Center Pharmacy, Inc.,* supra, 33 Conn. App. 826.

## III

The petitioner next claims that his guilty pleas are invalid because he lacked effective assistance of counsel in the G.A. 13 cases. The right to effective assistance of counsel is guaranteed by the sixth and fourteenth amendments to the United States constitution and article first, § 8, of the Connecticut constitution. *Levine* v. *Manson,* 195 Conn. 636, 639, 490 A.2d 82 (1985). A petitioner claiming ineffective assistance of counsel must satisfy a two-pronged test: (1) that his attorney made errors so serious as to cease functioning as counsel, and (2) that " 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Phillips* v. *Warden,* 220 Conn. 112, 132, 595 A.2d 1356 (1991), quoting *Strickland* v. *Washington,* 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). "The 'ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged.' " *Phillips* v. *Warden,* supra, 134.

"We first consider our scope of review. Although the underlying historical facts found by the habeas court may not be disturbed unless they were clearly erroneous, whether those facts constituted a violation of the petitioner's rights under the sixth amendment 'is a mixed determination of law and fact that requires the application of legal principles to the historical facts

of this case.' *Cuyler* v. *Sullivan,* 446 U.S. 335, 342, 100 S. Ct. 1708, 64 L. Ed. 2d 333 (1980). As such, that question requires plenary review by this court unfettered by the 'clearly erroneous' standard." Id., 131.

The petitioner's claim of ineffective counsel consists of three parts. He claims that his trial counsel was ineffective for failing (1) to advise him "concerning his right to appeal the trial court's possible violation of Practice Book § 711," (2) to "raise the issue of the underlying basis for the change of the date of the alleged offense by the prosecutor," and (3) to "file a motion to dismiss, pursuant to the statute of limitations."

### A

As to the petitioner's first claim concerning ineffective assistance of counsel, the petitioner claims that the trial court's canvass did not comply with Practice Book § 711 and, therefore, his counsel should have advised him regarding the possibility of challenging the canvass on appeal. As noted in part I, the trial court did comply with Practice Book § 711 when it canvassed the petitioner. Thus, there were no grounds on which the attorney could recommend an appeal. To the extent that a good faith argument could have been made in support of the petitioner's claim, the attorney's error would not be so serious as to satisfy the first prong of *Strickland.* "Errors alone do not give rise to a claim of ineffective assistance; only errors so serious that counsel ceased functioning as counsel guaranteed by the sixth amendment." *Falby* v. *Commissioner of Correction,* 32 Conn. App. 438, 442, 629 A.2d 1154, cert. denied, 227 Conn. 927, 632 A.2d 703 (1993).

### B

The petitioner next claims that his counsel was ineffective because he failed to raise the issue of the

underlying basis for the change of date of the alleged offense by the prosecutor. As noted in part II of this opinion, the habeas court found that the facts supported the change of date. Therefore, it is at best questionable that the petitioner's attorney erred by not raising the issue. Even if there was error on the part of the attorney, however, the error was not so serious as to satisfy the first prong of *Strickland.* See id.

## C

The petitioner's final claim is that his counsel failed to investigate and assert a statute of limitations defense properly. The record indicates that petitioner's counsel was aware of a potential statute of limitations defense, thoroughly investigated the issues and discussed them with the petitioner. The flaw in that defense was that the petitioner had been out of the state for approximately two and one-half years following the offenses. The record shows that the petitioner's counsel believed that the petitioner's absence from the state would defeat the statute of limitations defense under General Statutes § 54-193 (c).[8] Section 54-193 (c) tolls the statute of limitations while an accused resides out-of-state.

The petitioner now challenges his counsel's belief that the statute of limitations defense would be defeated and alleges that such a belief constitutes ineffective assistance of counsel. The question is not whether his counsel's interpretation was correct, but only whether it was one a reasonably competent attorney could have made. *Aillon* v. *Connecticut,* 597 F. Sup. 158 (D. Conn. 1984),

---

[8] General Statutes § 54-193 (c) provides: "If the person against whom an indictment, information or complaint for any of said offenses is brought has fled from and resided out of this state during the period so limited, it may be brought against him at any time within such period, during which he resides in this state, after the commission of the offense."

aff'd, 770 F.2d 157 (2d Cir. 1985), cert. denied, 478 U.S. 1021, 106 S. Ct. 3335, 92 L. Ed. 2d 740 (1986); *Valeriano* v. *Bronson,* 209 Conn. 75, 546 A.2d 1380 (1988). The habeas court found that, in light of counsel's investigation of the relevant facts and law, it could be concluded, reasonably, that a statute of limitations defense was indeed questionable.

We conclude that counsel's conduct may have been in error, but was certainly not "so serious that counsel ceased functioning as counsel guaranteed by the sixth amendment." *Falby* v. *Commissioner of Correction,* 32 Conn. App. 442. Thus, the petitioner has failed to satisfy the first prong of *Strickland.*

The judgment is affirmed.

In this opinion the other judges concurred.