## TAVARES COSBY v. COMMISSIONER OF CORRECTION
### (AC 19828)

Lavery, Zarella and Spallone, Js.[1]

Submitted on briefs January 24—officially released April 11, 2000

*Vicki H. Hutchinson,* special public defender, filed a brief for the appellant (petitioner).

*Richard F. Jacobson,* special assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

SPALLONE, J. The petitioner, Tavares Cosby, appeals from the habeas court's dismissal of his petition for a writ of habeas corpus.[2] The petitioner claims that the court improperly denied his petition when it concluded that the petitioner was not deprived of his fundamental

---

[1] The listing of judges reflects their seniority status on this court as of the date of oral argument.

[2] The court thereafter granted the petitioner's petition for certification to appeal from the dismissal of the petition for a writ of habeas corpus.

constitutional right to effective assistance of counsel. We affirm the judgment of the court.

The following procedural history is relevant to the disposition of this appeal. After a jury trial, the petitioner was found guilty of the crime of robbery in the first degree in violation of General Statutes § 53a-134 and assault in the first degree in violation of General Statutes § 53a-59. Thereupon, the petitioner appealed to this court, which upheld the conviction. *State* v. *Cosby*, 44 Conn. App. 26, 687 A.2d 895 (1996), cert. denied, 240 Conn. 910, 689 A.2d 474 (1997). Thereafter, the petitioner filed a petition for a writ of habeas corpus. At the habeas hearing, the petitioner complained that, although he requested that defense counsel call his mother, sister and girlfriend as witnesses, they were not called to testify at trial. The petitioner also asserted that there were at least twenty other witnesses who never were called to testify and that defense counsel failed to conduct an adequate investigation to seek out any of these witnesses. Our thorough review of the record, transcripts and briefs reveals, however, that there is no merit to the petitioner's claim on appeal.

The determined facts under consideration in an appeal from a denial of habeas relief may not be disturbed unless they are clearly erroneous. *Rouillard* v. *Commissioner of Correction*, 35 Conn. App. 754, 759, 646 A.2d 948, cert. denied, 231 Conn. 945, 653 A.2d 827 (1994). It is for the habeas court as the finder of fact to determine the credibility of and the effect to be given to the testimony. *Talton* v. *Warden*, 33 Conn. App. 171, 179, 634 A.2d 912 (1993), aff'd, 231 Conn. 274, 648 A.2d 876 (1994). The reviewing court cannot retry the case or pass on the credibility of witnesses. *State* v. *Branham*, 56 Conn. App. 395, 398, 743 A.2d 635, cert. denied, 252 Conn. 937, 747 A.2d 3 (2000).

A criminal defendant is entitled, under the sixth and fourteenth amendments to the United States constitu-

tion and by article first, § 8, of the constitution of Connecticut, to effective assistance of counsel. See *Gideon* v. *Wainwright*, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963); *Johnson* v. *Commissioner of Correction*, 36 Conn. App. 695, 700–701, 652 A.2d 1050, cert. denied, 233 Conn. 912, 659 A.2d 183 (1995). A criminal defendant is not constitutionally entitled to error free representation. *Commissioner of Correction* v. *Rodriquez*, 222 Conn. 469, 478, 610 A.2d 631 (1992). "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components. First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense. . . . Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Lozada* v. *Warden*, 223 Conn. 834, 842–43, 613 A.2d 818 (1992).

Phrased otherwise, "[a] petitioner claiming ineffective assistance of counsel must satisfy a two-pronged test: (1) that his attorney made errors so serious as to cease functioning as counsel, and (2) that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' *Phillips* v. *Warden*, 220 Conn. 112, 132, 595 A.2d 1356 (1991), quoting *Strickland* v. *Washington*, [supra, 466 U.S. 694]." *Rouillard* v. *Commissioner of Correction*, supra, 35 Conn. App. 759. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." (Internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, 222

Conn. 87, 92, 608 A.2d 667 (1992). A reviewing court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland* v. *Washington*, supra, 689. Also, the "petitioner must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Siano* v. *Warden*, 31 Conn. App. 94, 97, 623 A.2d 1035, cert. denied, 226 Conn. 910, 628 A.2d 984 (1993).

Here, defense counsel testified that his investigation disclosed that any testimony, at the time of trial, of the petitioner's mother, sister and girlfriend would not have helped the petitioner. Counsel stated further that an investigation failed to disclose the names of any of the twenty witnesses alleged by the petitioner to have been in the vicinity of the crime two hours before it occurred. The victim had testified that the petitioner was in a crowd of people across the street from the crime scene and had threatened him at that time. *State* v. *Cosby*, supra, 44 Conn. App. 28.

The petitioner has failed to show that defense counsel's performance failed to comply with the standards recited previously. The court, therefore, acted properly, lawfully and in accordance with applicable law when it dismissed the petition for a writ of habeas corpus.

The judgment is affirmed.

In this opinion the other judges concurred.