[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner through his counsel has filed his sixth amended petition for a writ of habeas corpus. The petitioner alleged his conviction was the result of (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; and (3) newly discovered evidence will establish his innocence.
The evidence has established that on June 19, 1990 a fire occurred on the front porch of property owned by Mr. Mrs. Richard Dozier of 97 Cannel Street, New Haven, Connecticut. Prior to the fire, the owners of the property had been active in the area to prevent drug activities, and as a result they had been threatened prior to the fire. The property owners knew and recognized Anthony Hill, Dean Lee and Rickey Haggood prior to the fire as individuals who frequented the area. Shortly before the fire Mrs. Dozier saw the above three individuals in front of her house and shortly thereafter she heard a bump on the porch and then observed a fire started by a Molotov cocktail. Prior to the fire she recognized Rickey Haggood who had a cast on his arm and she also knew him from the neighborhood.
On June 19, 1990 Andre Thomas was arrested for drug activities and he gave a statement that Dean Lee and Rickey Haggood discussed the fire bombing. Andre Thomas also was told by Mark Lee that Rickey Haggood, Dean Lee and Anthony Thomas were present. He also stated that Mark Lee and Anthony Hill did the Dozier house and the petitioner and Dean Lee did the Monk house at the time of the incident. Andre Thomas was presented as a witness at the trial of the petitioner, and he testified the petitioner was present and responsible for the fire. His testimony was based on a statement he gave to the police the day after the fire.
Rickey Haggood, Dean Lee and Anthony Hill were arrested for the offense and were charged with Arson, Conspiracy, and Criminal Attempt. Attorney Richard Silverstein represented the petitioner at a trial on the charges as a special public defender. The defense position at the trial was that the petitioner did not participate and he was not involved although he was in the area at that time. Mrs. Dozier testified she saw the petitioner at the scene of the incident, and she knew the petitioner as well as the other two charged with the offense. Mrs. Dozier also testified that the petitioner, three days prior to the incident had thrown bricks through her window.
The petitioner was tried separately from the other accused and on March CT Page 9874 3, 1991, he was convicted of arson and conspiracy and sentenced to serve 20 years. At the time of the trial Anthony Hill and Dean Lee were represented by other public defenders and Attorney Silverstein could not produce them as a witness, or communicate with them. After the petitioner was sentenced, Anthony Hill then entered a plea of guilty to the charges and he was sentenced to serve 11 years, and after serving 7 years he was released from prison.
The petition filed by the petitioner, claims Attorney Silverstein was ineffective in failing to investigate or to present alibi witnesses to prove he was not present at the scene of the incident. He testified he was with an Arlette Jackson all evening and that he then spent the night at her home. He also claimed his attorney failed to present as witnesses at the trial, Arlette Jackson, the other accused, Andre Thomas, and his mother Adela McClennon.
Attorney Silverstein testified he refused to put on perjured testimony to prove the alibi defense which was in conflict with the eye witness's testimony of Mrs. Dozier. Furthermore the other accused, as well as Anthony Hill, were not available because of their representation by other counsel. His attorney's trial strategy was to convince the jury that there was reasonable doubt regarding his involvement even though he was observed at the scene by Mrs. Dozier. Attorney Silverstein, an experienced criminal attorney at the time of the trial, felt presenting alternative defenses of an alibi, and the claim of being present but not actively involved would affect his client's credibility with the jury. Mrs. Dozier's credibility as an eye witness was very persuasive, and alibi evidence would have alienated the jury. The petitioner agreed to this trial strategy at the time of the trial.
A criminal defendant is constitutionally entitled to adequate and effective assistance of counsel. Copas v. Commissioner of Corrections,234 Conn. 139, 153. The right of a defendant to effective assistance is not, however, the right to perfect representation. State v. Barber,173 Conn. 153, 159-60; Johnson v. Commissioner of Corrections,36 Conn. App. 695, 701.
The petitioner, to prevail on his claim of ineffective assistance, must establish (1) that counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. The petitioner bears the burden of making both showings. Chance v. Bronson, 19 Conn. App. 674,678; Bunkley v. Commissioner of Corrections, 222 Conn. 445, 445. The constitution guarantees only a fair trial and a competent attorney; it does not ensure that every conceivable constitutional claim will be recognized and raised. Eagle v. Isaac, 456 U.S. 107, 134. What constitutes effective assistance varies according to the unique CT Page 9875 circumstances of each representation. Levine v. Manson, 195 Conn. 636,649; Gianotti v. Warden, 26 Conn. App. 125, 130; Johnson v. Commissionerof Correction, 218 Conn. 403, 425. Any deficiency in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution. Strickland v. Washington,466 U.S. 668, 691-692. The petitioner has failed to meet his burden of proving Attorney Silverstein provided ineffective assistance of counsel.
The petitioner also claims ineffective assistance of Attorney Elizabeth Inkster his appellate counsel. It is his contention that she failed to pursue a claim that a coconspirator's statement was improperly introduced during his trial.
Attorney Inkster, an experienced appellate attorney had handled many appellate briefs and had worked on about 15 habeas appeals. Based upon her experience she concluded the co-conspiracy claim was not strong, and the identity of the petitioner as a member of the conspiracy was the strongest argument on appeal. She argued on behalf of the petitioner that although he was present he was not actively involved in the fire bombing of the Dozier house.
The standard governing ineffective assistance of appellate counsel requires the petitioner to establish (1) that his appellate counsel's performance fell below the required standard or reasonable competence or competency displayed by lawyers with ordinary training and skill in the criminal law, and (2) that this lack of competency contributed so significantly to the affirmance of his conviction as to have deprived him of a fair appeal, thus causing an unreliable conviction to stand.Valeriano v. Bronson, 209 Conn. 75, 84-86; Strickland v. Washington,466 U.S. 668, 687. "While an appellate advocate must provide effective assistance, he is not under an obligation to raise very conceivable issue." Fellman v. Commissioner of Corrections, 54 Conn. App. 749, 757. "A reviewing court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Cosby v. Commissioner of Correction, 57 Conn. App. 258, 261. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Johnson v. Commissionerof Correction, 222 Conn. 87, 92.
Attorney Inkster in preparing her brief on appeal considered the conspiracy law claims as they related to conduct of co-conspirators as set forth in State v. Wideman, 36 Conn. App. 190, 199, 200. She concluded that statements of Anthony Hill the day after the fire did not further the conspiracy, and his statement as a co-conspirator was irrelevant to CT Page 9876 further the conspiracy. Attorney Inkster recognized the conspiracy prong had not been satisfied. As an experienced appellate attorney she pursued an evidentiary challenge rather than a constitutional challenge as the proper basis to pursue on the appeal. Her theory on the appeal was that the petitioner was not part of the conspiracy and he just happened to be in the neighborhood at the time of the fire bombing. She felt her argument was the best position for the benefit of the petitioner. The petitioner has failed to meet the burden of proof to establish her performance was not reasonably competent, and therefore there was a reasonable probability that the result of the proceeding would have been different. This claim has no merit based on the evidence presented.
The final claim of the petitioner is that he was innocent and because Anthony Hill a co-conspirator was unavailable to testify he was prevented from presenting his testimony. He contends that Anthony Hill's testimony is now newly discovered because he is now available to testify because he has served his sentence and has been released from prison.
New evidence is that which "is cumulative, was not available to the petitioner at his criminal trial, and could not have been discovered by him at the time by due diligence.", Miller v. Commissioner ofCorrection, 242 Conn. 745, 789, fn.29.
In Miller v. Commissioner, supra, our Supreme Court has established the requisite standard of proof that must be met by a habeas petitioner who raises a claim of actual innocence.
First, taking into account both the evidence produced at trial and the evidence produced at the habeas hearing, the petitioner must persuade the habeas court, by clear and convincing evidence, as that standard is understood and applied in the context of such a claim, that the petitioner is actually innocent of the crime for which he stands convicted.
Second, the petitioner must establish that after considering all the evidence and the inferences drawn therefrom, as the habeas court did, no reasonable fact finder would find the petitioner guilty, Id. at 791, 792.
The Miller court emphasizes that the standard of proof, as applied to a habeas claim of actual innocence, is "a very demanding standard" and one that "forbids relief whenever the evidence is loose, equivocal or contradictory", Id. at 795 (citation omitted).
Measured against this standard, the court finds that the petitioner has fallen far short of meeting his burden of proof. There was sufficient CT Page 9877 evidence in the record to support the jury verdict. The fact that Anthony Hill appears as a witness for the petitioner after he has served his sentence for the same offense raises the question of credibility regarding his testimony.
The petitioner has failed to establish his claims of ineffective assistance of either his trial counsel, or appellate counsel. He has also failed to establish his innocence by the testimony of Anthony Hill.
For the forgoing reasons the relief sought by the petitioner is denied and the petition is dismissed.
 ___________________ HOWARD F. ZOARSKI JUDGE TRIAL REFEREE