[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PETITIONER'S MOTION FOR RECONSIDERATION
By petition dated October 4, 2001, petitioner sought a writ of habeas corpus. After trial, on October 9, 2002, the petition was dismissed with the court stating its reasons in a Memorandum of Decision of that date.
By motion filed October 25, 2002, petitioner seeks reconsideration.
The petition claims that petitioner's incarceration was unlawful because her conviction was the result of ineffective assistance of counsel in violation of her rights under the Federal and State Constitutions.
In a Memorandum of Decision, the court reached the following conclusion: "It must be concluded that Attorney Klein was remiss in not explaining this discrepancy." The discrepancy noted was the failure of the attorney to cross examination the state's witness, Quintina Texidor, about discrepancies between a prior written statement and her direct testimony at trial concerning telephone calls made by petitioner. The Memorandum of Decision also mentions the attorney's failure to cross examine Texidor's boyfriend concerning a discrepancy between his direct testimony and a police report.
By her motion, petitioner requests the court to reconsider its decision-and find that she suffered actual prejudice as a result of the deficiencies noted.
To find that petitioner suffered actual prejudice as a result of the actions of counsel, it would have to be concluded that there exists a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different. Johnson v.Commissioner of Corrections, 36 Conn. App. 695, 701-702, cert. denied233 Conn. 912 (1995). CT Page 14742
A criminal defendant is not constitutionally entitled to error-free representation. Cosby v. Commissioner of Corrections, 57 Conn. App. 258,260 (2000). Although it was a relatively short trial, considering the evidence before the jury, it cannot be found that petitioner has established that she suffered any actual prejudice as a result of counsel's failure to cross examination as noted.
Accordingly, the motion is denied.
___________________ Joseph J. Purtill CT Page 14743