KEITH E. SIMPSON ASSOCIATES, INC. *v.*
CRISTINA A. ROSS
(AC 31976)

Lavine, Alvord and Schaller, Js.

Argued October 22—officially released December 14, 2010

*John R. Williams*, for the appellant (defendant).

*Anthony J. LaBella*, with whom, on the brief, was *Deborah M. Garskof*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant, Cristina A. Ross, appeals from the judgment of the trial court rendered in favor of the plaintiff, Keith E. Simpson Associates, Inc., in this breach of contract action that arose out of the defendant's refusal to pay for services rendered by the plaintiff. On appeal, the defendant claims that the trial court erred in (1) awarding contract damages in an amount not supported by the evidence and (2) failing to address the plaintiff's admitted breach of an express material term of the contract between the parties. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the defendant's appeal. The defendant, a licensed architect, purchased property in New Canaan that included a historic single-family dwelling. The defendant intended to restore the dwelling and, additionally, build a new six bedroom home on the property to be used as her family's primary residence.

During the initial stages of the project, the defendant experienced opposition from the New Canaan environmental commission (commission) because construction for her project required transportation over wetlands on the property. On July 5, 2005, the defendant entered into a written contract with the plaintiff, providing that the plaintiff would serve as a consultant to assist the defendant in presenting a site plan to the commission to obtain a variance.

Under the contract, the plaintiff was to receive an hourly rate of $250 for work performed by Keith Simpson, president of the plaintiff corporation, and $150 for work performed by all other personnel. The defendant provided the plaintiff with a retainer of $2500.

Pursuant to its duties under the contract, the plaintiff designed multiple plans to submit to the commission in support of the defendant's request for a variance, and Simpson consulted with several specialists, including soil scientists, septic engineers and land surveyors. On December 8, 2005, the plaintiff forwarded an invoice to the defendant for $19,825.32 for services rendered from July to October, 2005.[1]

The plaintiff continued to work on the proposal until January, 2006, when the defendant terminated its employment. The plaintiff then sent a final invoice for $46,809.32, which incorporated services rendered between October and December, 2005. The plaintiff later provided the defendant with a revised final invoice, which contained an itemized list of services totaling $57,959.32. This revised invoice included services that the plaintiff had not included in the original invoice.

The plaintiff commenced this action on September 20, 2006, seeking, among other things, reimbursement

---

[1] The defendant testified that she protested these charges when she received the invoice.

for services rendered under the contract plus costs and interest.[2] A trial to the court commenced on May 27, 2009, and concluded on June 23, 2009. At the conclusion of trial, on the plaintiff's breach of contract claim, the court found in favor of the plaintiff and awarded it $55,459.32, representing the amount of the unpaid balance minus the original retainer, plus interest and attorney's fees.[3] Specifically, the court credited the testimony of Simpson and found that the contract between the plaintiff and the defendant was "clear, concise and unambiguous." The court also concluded that, although the plaintiff rendered the agreed upon services to the defendant, the defendant breached the contract with the plaintiff by failing to render payment. The defendant appeals from that judgment.

The defendant first claims that the amount of damages awarded by the court is not supported by the evidence. "[T]he trial court has broad discretion in determining damages. . . . The determination of damages involves a question of fact that will not be overturned unless it is clearly erroneous." (Internal quotation marks omitted.) *Duplissie* v. *Devino*, 96 Conn. App. 673, 699, 902 A.2d 30, cert. denied, 280 Conn. 916, 908 A.2d 536 (2006). "A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks

[2] The plaintiff filed a five count amended complaint against the defendant. In addition to its claim for breach of contract, the plaintiff alleged unjust enrichment, conversion and civil theft. The plaintiff also filed a mechanic's lien on the defendant's property for $46,809.32 and sought foreclosure of the lien in its complaint. The plaintiff withdrew that claim prior to this appeal.

[3] The court also found that the plaintiff's mechanic's lien was proper and timely; however, it concluded that the plaintiff failed to sustain its burden of proof in regard to its claims of conversion and civil theft.

omitted.) *Misthopoulos* v. *Misthopoulos*, 297 Conn. 358, 377, 999 A.2d 721 (2010).

"Moreover, it is the exclusive province of the trier of fact to weigh the conflicting evidence, determine the credibility of witnesses and determine whether to accept some, all or none of a witness' testimony. . . . Thus, if the court's dispositive finding . . . was not clearly erroneous, then the judgment must be affirmed. . . . The function of the appellate court is to review, and not retry, the proceedings of the trial court." (Internal quotation marks omitted.) *LPP Mortgage, Ltd.* v. *Lynch*, 122 Conn. App. 686, 700, 1 A.3d 157 (2010).

On the basis of our review of the record, it is apparent that there is sufficient evidence to support the sum awarded by the court.[4] Therefore, we conclude that the award of $55,459.32 is not clearly erroneous

The defendant next claims that the court failed to address the plaintiff's admitted breach of a material term of the contract.[5] The defendant, however, has not provided this court with an adequate record for review on this issue. See Practice Book § 61-10.[6] Therefore, we are unable to address this second claim.

After the court issued its memorandum of decision, the defendant filed a motion for articulation, seeking to

---

[4] The plaintiff presented the court with detailed invoices concerning the billing periods from June 24 to October 28, 2005, and November 1 to December 27, 2006. In the first invoice, the plaintiff charged the defendant $28,125, plus $825.32 for extra expenses, and, in the second invoice, the plaintiff charged the defendant $29,009. These two invoices totaled $57,959.32 but did not deduct the retainer of $2500 paid by the defendant.

[5] The defendant claims that the plaintiff breached the contract by not submitting bills on a monthly basis or, alternatively, at the completion of each phase of the contract. The contract specifically provided that "[b]ills will be submitted monthly or at the completion of each phase, whichever is considered the more appropriate, and will indicate services provided and expenses incurred." The three phases were explicitly listed in the contract.

[6] Practice Book § 61-10 provides in relevant part: "It is the responsibility of the appellant to provide an adequate record for review. . . ."

set forth the court's ruling with respect to the plaintiff's breach of a material term of the contract. The court denied this motion on February 9, 2010, and the defendant did not file a motion for review with this court. Because the defendant did not seek review, we are unable to address the court's decision not to examine the issue of whether the plaintiff breached a material term of the contract.[7] To do so would require us to speculate as to the court's reasoning and any evidence it relied on. This we cannot do.

The judgment is affirmed.

---

[7] "Our role is not to guess at possibilities, but to review claims based on a complete factual record developed by a trial court. . . . Without the necessary factual and legal conclusions furnished by the trial court, either on its own or in response to a proper motion for articulation, any decision made by us respecting this claim would be entirely speculative." (Citations omitted; internal quotation marks omitted.) *State* v. *Hoeplinger,* 27 Conn. App. 643, 647, 609 A.2d 1015, cert. denied, 223 Conn. 912, 612 A.2d 59 (1992). Also, "[w]ithout an adequate record on which to review the findings of the trial court, this court must assume that the trial court acted properly." (Internal quotation marks omitted.) *Singer* v. *Matto,* 48 Conn. App. 462, 467, 710 A.2d 823 (1998).