******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

DE AUTO TRANSPORT, INC. *v.*
EUROLITE, LLC, ET AL.
(AC 39973)

Lavine, Alvord and Moll, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendants for wrongful repossession, conversion, and statutory theft in connection with a business deal involving the purchase and use of a truck and trailer. The plaintiff, a company that provided motor vehicle services, was formed by D and E. D had entered into an agreement with the defendant Z, who was a member of the defendant E Co., whereby E Co. would loan a certain sum to the plaintiff to purchase a truck and trailer. Under the terms of the loan, the plaintiff would make payments on the loan for thirty-six months at a certain interest rate, and E Co. would receive a certain percent of the profits from the use of the truck and trailer for the term of the loan. After the truck and trailer were purchased and payments on the loan commenced, D left the United States to return to Poland, and E assumed responsibility for managing the plaintiff corporation. Thereafter, E Co. repossessed the truck and trailer, and the plaintiff commenced this action. The matter was tried to the court, where the plaintiff presented evidence, including testimony and a financial report from a certified public accountant, G, as to its claim for lost profits. The trial court rendered judgment in favor of the defendants, from which the plaintiff appealed to this court. The plaintiff claimed that the trial court, having assumed liability, improperly failed to award damages. *Held* that the trial court did not err in its damages determination, as no credible evidence was presented in support of the plaintiff's claim for lost profits and the court did not have a sufficient basis for estimating its amount with reasonable certainty; the trial court's determination that G's testimony and financial report were not credible was not clearly erroneous given that G failed to list some of the plaintiff's trucks on its tax returns, that the disclosures of D and E failed to comply with generally accepted accounting principles, and that G was unaware of the terms of the loan agreement, including the profit splitting arrangement, and that the parties were involved in a money laundering scheme to avoid the payment of taxes, and there was no further credible evidence presented by which the court could estimate damages with reasonable certainty.

Argued October 16—officially released November 27, 2018

*Procedural History*

Action to recover damages for wrongful repossession, conversion, and statutory theft, and for other relief, brought to the Superior Court in the judicial district of New Britain and tried to the court, *Wiese, J.*; judgment for the defendants, from which the plaintiff appealed to this court. *Affirmed.*

*Robert T. Rimmer*, for the appellant (plaintiff).

*Paul A. Catalano*, for the appellees (defendants).

*Opinion*

PER CURIAM. The plaintiff, DE Auto Transport, Inc., appeals from the judgment of the trial court, rendered after a trial to the court, in favor of the defendants, Eurolite, LLC (Eurolite), and Leopold Zayaczkowski. On appeal, the plaintiff claims that the trial court erred in its damages analysis. We disagree and, accordingly, affirm the judgment of the trial court.

The following facts, as found by the trial court, and procedural history are relevant to our resolution of the plaintiff's claims on appeal. In 2008, Dariusz Penkiewicz (Dariusz) and Elzbieta Penkiewicz (Elzbieta), who were married at the time, formed the plaintiff, which provided motor vehicle services, including the transportation of vehicles. In 2011, the plaintiff had four transport vehicles. Dariusz and Zayaczkowski, on behalf of Eurolite, entered into an oral agreement whereby Eurolite would loan up to $50,000 for Dariusz to purchase a larger truck and trailer for the plaintiff. Under the terms of the agreement, the plaintiff would make payments on the loan for thirty-six months at an interest rate of 14 percent. In addition, Eurolite would receive 40 percent of the profits and the plaintiff would receive 60 percent of the profits resulting from the use of the truck and trailer for the thirty-six month term. Dariusz subsequently purchased a 2005 Peterbuilt truck for $23,500 and a Cottrell trailer for $25,000. Eurolite provided the funds for the purchase, and the parties agreed on a printed loan amortization schedule. The total amount borrowed was $48,500. The plaintiff made its first payment on the loan in March, 2011.

In February, 2012, Dariusz left the United States to return to Poland because he was concerned about being deported. His absence adversely affected the business operations of the plaintiff. He did not return to the United States until January, 2014. During the time of his absence, it was Elzbieta's responsibility to manage the plaintiff. On April 27, 2013, Elzbieta contacted the police to report that the Peterbuilt truck and trailer had been wrongfully repossessed by Eurolite. Eurolite subsequently returned the Peterbuilt truck and trailer, at the direction of the police, but repossessed the Peterbuilt truck and trailer again a few days later. In May, 2013, Elzbieta learned that Dariusz had been having an extramarital affair, and had a wife and child in Poland. Elzbieta shortly thereafter liquidated the plaintiff and sold its remaining assets. She relocated to Florida, divorced Dariusz, and remarried in December, 2013.

On July 12, 2013, the plaintiff served a complaint on the defendants, which alleged claims of wrongful repossession, conversion, and statutory theft.[1] A trial to the court took place on February 25 and 26, 2016. On November 18, 2016, the court issued its memorandum of decision and rendered judgment in favor of the defen-

dants. The court concluded that "[e]ven assuming that [the plaintiff] has sustained its burden to prove liability under one or more of the various counts of its complaint, the court finds that it has still failed to prove causation and damages." In reaching its conclusion, the court determined that "[t]he liquidation of [the plaintiff] was not caused by a repossession of the Peterbuilt truck and trailer. Rather, it occurred as a result of a combination of other events," such as "declining business revenues, [Dariusz'] return to Poland, the divorce and [Elzbieta's] desire to relocate to Florida, remarry and start her life over."

On appeal, the plaintiff claims that the trial court, having assumed liability, erred in failing to award damages.[2] Specifically, the plaintiff argues that the court "[failed] to analyze the amount of harm . . . caused by the defendants' wrongful repossession, conversion and statutory theft of the [Peterbuilt truck] and trailer."[3] We disagree.

"The legal principles that govern our review of damage awards are well established. It is axiomatic that the burden of proving damages is on the party claiming them. . . . Damages are recoverable only to the extent that the evidence affords a sufficient basis for estimating their amount in money with reasonable certainty. . . . [T]he court must have evidence by which it can calculate the damages, which is not merely subjective or speculative . . . but which allows for some objective ascertainment of the amount. . . . This certainly does not mean that mathematical exactitude is a precondition to an award of damages, but we do require that the evidence, with such certainty as the nature of the particular case may permit, lay a foundation [that] will enable the trier to make a fair and reasonable estimate. . . . Evidence is considered speculative when there is no documentation or detail in support of it and when the party relies on subjective opinion. . . . The trial court's determination that damages have not been proved to a reasonable certainty is reviewed under a clearly erroneous standard." (Citations omitted; internal quotation marks omitted.) *Weiss* v. *Smulders*, 313 Conn. 227, 253–54, 96 A.3d 1175 (2014).

At oral argument before this court, the plaintiff contended that there were three types of damages that the trial court could have awarded: (1) lost profits, (2) the value of the Peterbuilt truck, and (3) payments made to Eurolite.[4] At trial, however, the plaintiff did not claim damages related to the value of the Peterbuilt truck or payments made to Eurolite.[5] Therefore, we decline to review these two claims on appeal. See *DiMiceli* v. *Cheshire*, 162 Conn. App. 216, 229–30, 131 A.3d 771 (2016) ("Our appellate courts, as a general practice, will not review claims made for the first time on appeal. . . . [B]ecause our review is limited to matters in the record, we [also] will not address issues not decided

by the trial court.").

With regard to the plaintiff's claim for lost profits, the plaintiff conceded at oral argument that a report prepared by the plaintiff's certified public accountant, Robert Gollnick, was "the only evidence of economic loss." In the report, dated May 20, 2013, Gollnick concluded that the fair market value of the plaintiff was $116,000. In addition, Gollnick determined that there was "a loss of $97,810 of income for 2013 before other operating expenses."[6]

Gollnick's testimony and report were subject to a credibility determination by the court. "[I]t is the exclusive province of the trier of fact to weigh the conflicting evidence, determine the credibility of witnesses and determine whether to accept some, all or none of a witness' testimony. . . . Thus, if the court's dispositive finding . . . was not clearly erroneous, then the judgment must be affirmed. . . . The function of the appellate court is to review, and not retry, the proceedings of the trial court." (Internal quotation marks omitted.) *Keith E. Simpson Associates, Inc.* v. *Ross*, 125 Conn. App. 539, 543, 9 A.3d 394 (2010). A finding is clearly erroneous if there is "no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *State* v. *Krijger*, 313 Conn. 434, 446, 97 A.3d 946 (2014).

The court found Gollnick's testimony and report not credible, concluding that "[a] substantial portion of the information provided to him [by the plaintiff] was either inaccurate and/or incomplete." Specifically, the court found that Gollnick was not made aware of the loan on the Peterbuilt truck and trailer or the agreement to divide the profits on a 60/40 basis, he did not list some of the plaintiff's trucks on its tax returns, he was unaware that the parties were involved in a money laundering scheme to avoid the payment of taxes,[7] and that Dariusz and Elzbieta "elected to omit substantially all of the disclosures required by generally accepted accounting principles." Most significantly, the court found that "when Gollnick prepared the projected income and expense for [the plaintiff] to arrive at the claimed damage figure of $116,000, he utilized tax returns for years 2010, 2011 and 2012. These returns are inaccurate and/or incomplete." Because there was evidence to support the court's credibility determination, its finding was not clearly erroneous.[8] Consequently, no credible evidence was presented in support of the plaintiff's claim for lost profits and the court did not have a sufficient basis for estimating its amount with reasonable certainty. See *Ray Weiner, LLC* v. *Connery*, 146 Conn. App. 1, 7, 75 A.3d 771 (2013) ("[i]t is axiomatic that damages are awarded on the basis of facts and credible evidence, as found by the trier of

fact" [internal quotation marks omitted]). Therefore, we conclude that the court did not err in its damages determination.

The judgment is affirmed.

[1] The complaint included five counts: (1) wrongful repossession and conversion as against Eurolite, (2) statutory theft as against Eurolite, under General Statutes § 52-564, (3) statutory theft as against Zayaczkowski, under § 52-564, (4) unfair trade practices by Eurolite, in violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110b et seq., and (5) disgorgement of payments as against Eurolite. During trial, the court dismissed the CUTPA count because the plaintiff stated it was no longer pursuing that claim. In addition, the court noted in its memorandum of decision that "[t]he plaintiff has not addressed the disgorgement of payment claim in its posttrial brief, and, more specifically, has not cited to a single case or other legal authority in its brief regarding the disgorgement of payment claim. As such, the plaintiff has abandoned that claim." On appeal, the plaintiff does not dispute the court's finding that it abandoned the disgorgement claim.

[2] Both parties briefed additional arguments related to the Eurolite's liability for wrongful possession, conversion, and statutory theft. For purposes of this appeal, this court, like the trial court, will assume, without deciding, that the plaintiff established liability. Therefore, we turn to the plaintiff's challenges to the trial court's determination of damages.

[3] The plaintiff also argues that the court "created a new element of 'causation' and added it to the elements necessary to prove wrongful repossession, conversion and statutory theft." This claim is without merit. The court did not err in determining that, in order for the plaintiff to recover damages for its liquidation, the liquidation must have been caused by the wrongful repossession, conversion, or statutory theft.

Moreover, the court's conclusion that "[t]he liquidation of [the plaintiff] was not caused by a repossession of the Peterbuilt truck and trailer [but rather] occurred as a result of a combination of other events" was supported by the evidence presented at trial. See *State* v. *Krijger*, 313 Conn. 434, 446, 97 A.3d 946 (2014) (finding is clearly erroneous if there is "no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed"). Dariusz testified that he went to Poland in 2012 and left Elzbieta to make all of the decisions for the plaintiff. Elzbieta testified that she decided to terminate the business at the end of May, 2013, "when [she] found out [her] husband [was] cheating on [her] and he . . . had a family in Poland . . . and [she] didn't get the big truck . . . ." There was also evidence to support the court's finding that the plaintiff had declining business revenues. First, Dariusz testified that, in January or February, 2013, he purchased a trailer for the plaintiff but could not purchase a truck because he had "no money to buy the truck." In addition, in April, 2013, Elzbieta located another larger truck and trailer that she wanted to purchase, but was denied a loan because of poor credit and could not make the purchase. Similarly, in May, 2013, Elzbieta applied for a replevin bond, which was denied because of poor credit. Moreover, the plaintiff's payments to Eurolite on the loan became past due. Because there was evidence to support the court's conclusion that the liquidation of the plaintiff was caused by events other than Eurolite's repossession of the Peterbuilt truck and trailer, its determination was not clearly erroneous.

[4] The plaintiff also argues that it was entitled to statutory damages under General Statutes § 36a-785 (i). The plaintiff argues that "upon a finding of liability under [General Statutes § 36a-770 et seq.] damages must be awarded." (Emphasis omitted.)

At trial, however, the plaintiff did not claim statutory damages. In its complaint and posttrial brief, it claimed that § 36a-785 did not apply because there was no written retail installment contract. It argued, alternatively, that repossession would still be wrongful under § 36a-785. The plaintiff did not seek statutory damages under § 36a-785 (i). Therefore, we decline to review this claim on appeal. See *DiMiceli* v. *Cheshire*, 162 Conn. App. 216, 229–30, 131 A.3d 771 (2016) ("Our appellate courts, as a general practice, will not review claims made for the first time on appeal. . . . [B]ecause our review is limited to matters in the record, we [also] will not address issues not decided by the trial court.").

[5] The only claim that the plaintiff raised before its appeal regarding payments made to Eurolite was its claim for disgorgement of payments. On

appeal, however, the plaintiff does not challenge the court's finding that it abandoned this claim. See footnote 1 of this opinion. With regard to the value of the Peterbuilt truck, the plaintiff contends that it presented evidence as to the cost of the Peterbuilt truck and trailer when it was first purchased. The plaintiff, however, did not seek the value as damages in its complaint, at trial, or in its posttrial brief.

[6] At trial, Gollnick first testified that the $97,810 loss "[reflected] the loss of the vehicle," but later testified that "it was the loss of the business, but that resulted from the loss of the truck . . . ."

[7] The trial court found that the plaintiff made payments to third parties, not reported to the Internal Revenue Service, to avoid paying taxes.

[8] The testimony at trial provided a basis for the court's finding. Gollnick testified that he "was never told that there was a loan" or that 40 percent of the profit went to Eurolite. He conceded that the value of the Peterbuilt truck would change if 40 percent belonged to someone else and that the fair market value would be reduced. In addition, he conceded that the Peterbuilt truck was not listed on the 2012 tax return and explained that he "wasn't given the . . . proper information." Rather, he listed only three trucks on the tax return even though he knew that the plaintiff had five trucks. Moreover, Gollnick testified that he did not know about the money laundering, and that he "would have an ethical question if [he] knew about it at the time and [he] probably would've not done it." Lastly, Gollnick's report states that "Dariusz & Elzbieta Penkiewicz have elected to omit substantially all of [the] disclosures required by generally accepted accounting principles. If the omitted disclosures were included in the statement of financial condition, they might influence the user's conclusions about the financial condition of Dariusz & Elzbieta Penkiewicz."

———————————————